Sarah A. Smith *et al.* Plaintiffs in Error, *vs.* William Tucker *et al.* Defendants in Error.

*Opinion filed April 19, 1911.*

1. Deeds—*when rule in Shelly's case does not apply.* The rule in *Shelly's case* does not apply to a deed where the limitation over is not to the heirs of the grantee but to the heirs of the grantor.

2. Same—*when deed conveys estate for grantor's life.* A deed conveying to the grantee, his heirs and assigns, certain described land, and containing, in the granting clause, a provision that the deed is to remain in force only during the lifetime of the grantor and that at her death the property shall revert to the grantor's heirs, conveys to the grantee and his heirs and assigns only an estate for the life of the grantor.

3. Limitations—*what proof not sufficient to show ouster of co-tenants.* Testimony by the defendants to a bill in chancery to the effect that since they went into possession of the land in controversy their possession had been exclusive and peaceable, that they exercised acts of ownership and claimed to own all the land, that they paid the taxes thereon regularly every year and that no person claimed the premises adversely, does not show an ouster of other tenants in common nor show a title by limitation.

4. Same—*a bond for a deed is not color of title.* A bond for a deed is not color of title and will not support a title by adverse possession and payment of taxes for seven years.

5. Equity—*when bill should not be dismissed.* Where the evidence in a proceeding in chancery to recover an interest in land

fails to establish the complainants' full claim but shows that they have some interest in the land the extent of which depends upon further proof, the bill should not be dismissed but an opportunity should be given to supply the proof necessary to show their exact interests.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. W. W. DUNCAN, Judge, presiding.

MORRIS & HAYES, for plaintiffs in error.

CHARLES DURFEE, for defendants in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

The plaintiffs in error, Sarah A. Smith and Nannie Jeffers, filed their bill in chancery in the circuit court of Pope county alleging that they are the owners in fee simple, as tenants in common, of a tract of land described therein and containing 120 acres and are entitled to the possession thereof; that defendants in error, William Tucker and Daniel Tucker, are in the possession of said land but have never had any interest in the same except an estate for the life of Sarah J. Keel, the mother of plaintiffs in error, in an undivided one-half thereof, which was acquired by *mesne* conveyances from Lewis W. Chrishman; that Sarah J. Keel died October 13, 1908, and the estate of the defendants in error was thereby terminated and plaintiffs in error thereupon became entitled to the immediate possession of all of the land; that a certain deed from said Sarah A. Smith and Alexander Blair and Maggie Sim, a brother and sister of plaintiffs in error, to one D. G. Thompson to said land was procured by fraud and was without consideration; that the defendants in error have cut, sold and destroyed valuable timber grown on the premises 'while tenants for the life of Sarah J. Keel, which timber would now be worth more than $1500, and that Alexander Blair and the husband of Maggie Sim, deceased, have conveyed their interest in the land

to said Sarah A. Smith. The bill prays for an accounting of rents, profits, waste and sale of timber; that certain deeds which are clouds upon their title be canceled; that the defendants in error may be enjoined from committing further waste, and for general relief. The answer of the defendants in error denies all the material allegations of the bill, and alleges that they have been in the peaceable, adverse and exclusive possession of the premises for more than twenty years prior to the filing of the bill and have paid all the taxes thereon during that time, and that they have been in peaceable, adverse and exclusive possession of all of said premises under color of title for more than seven years prior to the filing of the bill and have paid all the taxes thereon during that time. The cause was heard before the chancellor and resulted in a decree dismissing the bill for want of equity. Plaintiffs in error have sued out this writ, seeking to reverse the decree of the circuit court.

The facts developed on the hearing were as follows: On September 3, 1870, John M. Crank and wife conveyed the 120 acres in question to Robert R. Blair and Sarah J. Blair, his wife. On November 17 of that year Robert R. Blair died intestate, leaving surviving him the said Sarah J. Blair, his widow, and certain children, all of whom, except the plaintiffs in error and Alexander Blair and Mary Murphy, have since died. Mary Murphy has not been heard of for more than twenty-five years and is presumed to be dead. Sarah J. Blair re-married, and on February 28, 1878, together with her husband, John W. Keel, in consideration of $100, executed and delivered to Lewis W. Chrishman a warranty deed to said 120 acres of land, the granting clause of said deed being, in part, as follows, Keel and wife being the parties of the first part: "That the said party of the first part, for and in consideration of the sum of one hundred ($100) dollars in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by

these presents does grant, bargain and sell, unto the said
party of the second part, his heirs and assigns, all the fol-
lowing described lot, piece or parcel of land situated in
Grandpier precinct, in the county of Pope and State of Illi-
nois, to-wit: The south-east fourth of section 16, town-
ship eleven (11), range seven (7), east, containing one
hundred and twenty acres (120a.) This deed is only to
remain in full force and effect during the lifetime of the
above named Sarah J. Keel and at her death it goes back
to her heirs. Together with all and singular the heredit-
aments and appurtenances hereunto belonging," etc. By
sundry conveyances George J. Carter on June 27, 1882, de-
rived this title from Chrishman, one of the deeds in the
chain of conveyances containing the same language as that
above quoted in the deed from Mrs. Keel to Chrishman, the
other deeds in the chain being in the regular form and mak-
ing no attempt at restriction. At the October term, 1883,
of the circuit court of Pope county, and while the title con-
veyed to Chrishman was held by George J. Carter, the chil-
dren of Robert R. Blair obtained a judgment in ejectment
against Carter for the recovery of an undivided one-half of
said land in fee and for the possession of the same. On
December 10, 1887, Carter conveyed the said land to John
Tucker by warranty deed. This deed was never recorded
and its existence was evidently unknown to the plaintiffs in
error until the time of the hearing on the bill herein. On
June 20, 1885, Alexander Blair, Maggie Sim (now de-
ceased) and said Sarah A. Smith, all children of Robert R.
Blair, for the expressed consideration of $15, conveyed to
D. G. Thompson all their interest in the undivided one-half
of said 120 acres and all their reversionary interest in the
other undivided one-half. Thompson conveyed to one Wil-
liam King, who on December 24, 1888, conveyed to said
John Tucker. This deed from King to John Tucker has
never been recorded. On November 16, 1891, John Tucker
contracted with his brother, William A. Tucker, to sell to

him the 120-acre tract, together with the remaining 40 acres of that quarter section, for the sum of $200, and executed and delivered to him a bond for deed, binding himself to convey the land to William A. Tucker upon the payment of four notes then given to the obligor, aggregating $200. This bond for deed has never been recorded. Upon the execution and delivery of the bond for deed on November 16, 1891, William A. Tucker took possession of the premises, and he and Daniel Tucker, another brother, have been in possession of the same from that time to the time of the filing of this bill, in 1908.

The evidence does not disclose whether William A. Tucker has complied with the terms of the contract of sale made between him and John Tucker, or has paid any of the promissory notes mentioned in the bond for deed or any interest thereon. It does appear, however, that William A. Tucker has never received a deed to the premises, and his only right to possession has been under the bond for deed. John Tucker was not made a party defendant to the bill, and no attempt was made to bring him in by amendment when his interest was disclosed upon the hearing. The bill was evidently drawn upon the theory that William A. Tucker and Daniel Tucker, instead of John Tucker, had been the purchasers from Carter and King, respectively. Carter and the Tuckers were brothers-in-law, and William A. Tucker and Daniel Tucker both knew of the ejectment suit brought by the children of Robert R. Blair against Carter in 1883, and knew that the children of Robert R. Blair claimed to have an interest in this land. The bill was also drawn upon the theory that the deed from Sarah J. Keel to Chrishman conveyed only an estate for the life of Sarah J. Keel, and that upon the death of said Sarah J. Keel the estate of her grantees was extinguished, and that plaintiffs in error, being the owners of the fee, were entitled to the possession of the entire tract. The proof was made and the case tried upon this theory.

Plaintiffs in error insist that by the deed from Sarah J. Keel and her husband, Lewis W. Chrishman acquired only an estate for the life of Sarah J. Keel in the premises. Defendants in error, on the other hand, contend that this deed in apt language conveyed all of the title of Sarah J. Keel to Chrishman, his heirs and assigns, thereby creating in him an estate in fee simple in the undivided one-half of the premises. Plaintiffs in error rely, to support their contention, upon the words inserted in the deed after the description of the land, "this deed is only to remain in full force and effect during the lifetime of the above named Sarah J. Keel and at her death it goes back to her heirs."

Defendants in error contend, and their contention seems to have been sustained by the trial court, that this deed is controlled by the rule in *Shelly's case,* and that under said rule the deed conveyed a fee simple title to the grantees. This is a misapprehension. The rule in *Shelly's case* applies to wills or deeds conveying to the ancestor an estate of freehold, and in the same instrument an estate is limited, either mediately or immediately, to his heirs in fee. It will be noted that the estate conveyed to Lewis W. Chrishman is an estate *per autre vie.* There is no language in this deed purporting to convey a fee simple title to the heirs of the grantees which affords satisfactory reason for taking it out of the operation of the rule in *Shelly's case.* The limitation of the estate of the grantees in this deed is found in the granting clause and not in the *habendum.* The extent of the estate intended to be conveyed is not mentioned in the deed, except in the clause which limits its duration to the life of Sarah J. Keel. While the limitation in the *habendum* clause cannot restrict an estate to one for life where the language is repugnant to the granting clause, that rule has no effect where the extent of the estate, as here, is stated in the granting clause of the deed. Section 13 of our Conveyance act expressly excepts from its operation conveyances where an estate less than a fee is limited by

the express words of the deed. *Riggin* v. *Love*, 72 Ill. 553; *Welch* v. *Welch*, 183 id. 237.

Under this construction of the deed it is clear that the court below erred in dismissing the bill. It is also clear, from the proofs, that Nannie Jeffers owned some other interest in the land, the exact extent of which cannot be certainly determined from the proofs in this record, but upon another hearing the evidence may disclose the extent of such interest. The evidence fails to show any fraud in procuring the deed from Sarah A. Smith, Alexander Blair and Maggie Sim by D. G. Thompson. That deed was a valid conveyance.

Defendants in error asserted title in themselves and relied upon the Statute of Limitations. Prior to the time that William A. Tucker came into possession of the premises under his bond for deed John Tucker had been in possession, and the possession of John and William together extended over a period of more than twenty years. Whether or not John knew of the interest of the children of Robert R. Blair in this land does not appear, but it is shown that William and Daniel Tucker knew of their interest and also knew of the ejectment suit brought by them against Carter and its result. While William and Daniel Tucker have been in the possession of all of the lands in controversy since the date of the bond for deed and during that time have received all the benefits of said land, their possession was not so adverse as to amount to an ouster of their tenants in common and start the running of the Statute of Limitations. The testimony of both William and Daniel Tucker was to the effect that since they went into possession of this land their possession had been exclusive and peaceable; that they exercised acts of ownership and claimed to own all of the land; that they paid the taxes thereon regularly every year and that no other person claimed the premises adversely. This does not show an ouster of the other tenants in common and is not sufficient to show title by limi-

tation. (*Nicoll* v. *Scott,* 99 Ill. 529.) Defendants in error are not entitled to avail themselves of the defense of possession and payment of taxes for seven years under color of title. The bond for a deed is not color of title. *Rigor* v. *Frye,* 62 Ill. 507; *Davis* v. *Howard,* 172 id. 340; *Converse* v. *Calumet River Railway Co.* 195 id. 204.

For the error in dismissing the bill for want of equity the decree of the circuit court of Pope county is reversed and the cause remanded.        *Reversed and remanded.*