(No. 13750.—Decree affirmed.)

IDA E. HAUGHN, Appellee, vs. JAMES E. HAUGHN et al.—
(RAY M. READ, Appellant.)

*Opinion filed February 15, 1921.*

1. DEEDS—*entire granting clause should be considered.* In determining whether a less estate than a fee has been limited by the granting clause in a deed the entire clause should be considered, and in case of an apparent conflict between printed and written words the written words will prevail.

2. SAME—*when the granting clause conveys a life estate, only.* Where the printed part of the granting clause in a warranty deed recites that the land has been sold to the "party of the second part, her heirs and assigns," but after the description of the land written words are inserted stating that the object of the deed is to convey to the grantee "a life estate only, the remainder in fee simple to the legitimate children" of the grantee, and on failure of children then to others, the grantee takes a life estate, only.

3. SAME—*when limiting words in granting clause do not violate rule against perpetuities.* Words limiting the estate granted to the grantee, who is in being, to a life estate, only, with remainder to her legitimate children, and if she has no children then at her death the property to descend and "is hereby conveyed" to the legitimate children and heirs of other named persons and their heirs forever, do not violate the rule against perpetuities, as there will be no postponement of the vesting of the legal title at the death of the life tenant.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

ROBILLARD & HENRY, for appellant.

GOWER & HOBBIE, (JOHN A. MAYHEW, guardian *ad litem,*) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

August 1, 1876, Thomas Read and his wife, Nancy Read, conveyed to their daughter, Adeline Boudreau, certain lots in the city of Kankakee, Illinois. The granting

296—20

clause recited that for and in consideration of $1000 they had sold "unto said party of the second part, her heirs and assigns," said lots. Immediately following the description of the lots were these sentences: "The object and intent of this deed is to convey to said Adeline Boudro a life estate, only, the remainder in fee simple to the legitimate children of said Adeline Boudro. Should there be failure of children on the part of said Adeline Boudro, then on the decease of said Adeline Boudro said estate and property above described shall descend and is hereby conveyed to the legitimate children and heirs of Marion Haughn (wife of J. P. Haughn) and Emily Read, wife of Marvin A. Read, and their heirs forever." The granting clause then concludes in the usual form, "together with all and singular the hereditaments and appurtenances thereto belonging," etc. Then follows the *habendum* clause usually appearing in the long-form printed warranty deed.

The grantors had four children, Adeline, Marvin and Marion, and a son who died single and without children. Adeline married Joseph Boudreau, and they both died without children being born to them. Marvin was married and had two children by his first wife, Emily. These children died, one of them leaving two children surviving. Whether these children are living or where they live is not known. Marvin and Emily were divorced and Marvin married a second time. Ray M. Read, appellant, is a child of Marvin Read by his second wife. Marvin and Emily are both dead. Marion married J. P. Haughn, and to them four children were born,—Ida, Hattie, James and Ella. Ella married and died leaving her surviving as her only heirs-at-law Lulu Clark, Cora Price and Harry Smith. Adeline Boudreau died intestate April 8, 1919.

Ida Haughn, appellee, filed her bill in the circuit court of Kankakee county setting up the facts hereinbefore stated and alleging that by the deed Adeline Boudreau took a life estate in said lots and that the children of Marion Haughn

and Emily Read took a remainder in fee simple, and praying partition. Ray M. Read by leave of court filed answer by way of interpleader, denying that Adeline Boudreau was seized of the lots for life, only, and alleging that she took title in fee simple under the deed in question. He asks that the court decree he is entitled to a share in said lots as heir of Adeline Boudreau. The cause was heard by the chancellor, who entered his decree granting the prayer of the original bill. Ray M. Read prosecutes this appeal to review that decree.

The only question presented by this record is the extent of the estate granted Adeline Boudreau under the warranty deed of Thomas and Nancy Read. This we must determine from a construction of the entire instrument. The first part of the granting clause conveys the property to the grantee and her heirs, which, in the absence of limiting or qualifying words, would vest in the grantee a fee simple estate of inheritance, but with the sentences immediately following the description as part of the granting clause the deed must be construed so as to give effect to the intention of the grantor as manifested by the phraseology of the entire instrument. (*Walker* v. *Pritchard*, 121 Ill. 221; *Bauman* v. *Stoller*, 235 id. 480.) The primary rule to be sought in the construction of deeds is to ascertain the real intention of the parties, but this intention must be ascertained from a construction of the instrument before the court. (*Anderson* v. *Stewart*, 285 Ill. 605.) An examination of the wording of this deed reveals that it was written on a printed form, and that the words of limitation were inserted immediately following the description of the lots, in the space between the first and the last printed parts of the granting clause. Where the granting clause is complete, the estate defined and limited by it will control. (*Morton* v. *Babb*, 251 Ill. 488; *Coogan* v. *Jones*, 278 id. 279.) In construing the granting clause all of its parts should be considered together and made to harmonize, if possible. If

by such construction it appears that the grantor intended to give to the grantee an estate less than a fee, then the intention expressed in the granting clause should be given effect. (*Smith* v. *Tucker,* 250 Ill. 50.) Those cases which hold that a grantor by a subsequent clause attempted to cut down an estate in fee granted by a prior clause are not in point, because the language limiting the estate granted by the deed before us is a part of the granting clause. The word "heirs," used in the earlier part of the clause, was a part of the printed form of warranty deed, and the sentences in the same clause limiting the estate granted were written in a blank space in the printed form. Following the well established rule that written words must control where there is a conflict between the written and printed parts of an instrument, we hold that the estate granted was a life estate, only. (*Miller* v. *Mowers,* 227 Ill. 392.) The life tenant having died without children surviving, the remainder in fee vested in the children of Marion Haughn and Emily Read.

It is further contended by appellant that the limiting clause in the deed is void because it violates the rule against perpetuities. This rule declares that no interest subject to a condition precedent is valid unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. Adeline Boudreau was in being when the deed was executed, and at the termination of the life estate the remainder was given to the children of Marion Haughn and Emily Read on the contingency of the death of the life tenant without children. At the death of the life tenant there would be no postponement in the vesting of the legal title, and the remainder does not come within the rule against perpetuities. (*Drury* v. *Drury,* 271 Ill. 336.) If there should be no member of the class upon which the gift was to take effect in existence at the time of the death of the life tenant, the gift to the class would fail and the estate would vest in the heirs-

at-law, not because of the rule against perpetuities but because there would be no member of the class.

The decree of the circuit court is affirmed.

*Decree affirmed.*