(No. 31257.—

HOMER DOLLEY, Exr., *et al.*, Appellees, *vs.* JOSEPHINE POWERS *et al.*, Appellants.

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

STONE, STONE & HESS, of Bloomington, for appellants.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

The appellants, the heirs-at-law of Edward Powers, deceased, were made defendants in a suit in the circuit

court of McLean County by the appellees, the personal representatives of the respective estates of Edward Powers, deceased, and Thomas Edward Powers, deceased, together with the surviving heirs of said Thomas Edward Powers, the object of which was the construction of a deed. A freehold is involved.

The question is whether a deed executed June 16, 1933, by Edward Powers, a widower, to Edward Powers and Thomas Edward Powers, his son, conveyed the premises therein described to the grantees as tenants in common, as joint tenants, or otherwise. The Edward Powers mentioned as grantor was the same person as the Edward Powers named as grantee along with his son, Thomas Edward Powers. Thomas Edward Powers died in September of 1947, and two months later his father, Edward Powers, likewise died. The executor of the last will and testament of Edward Powers, deceased, and the administratrix of the estate of Thomas Edward Powers, deceased, joined by the surviving heirs-at-law of said Thomas Edward Powers, filed their complaint against the heirs-at-law of Edward Powers, deceased, setting forth that a controversy existed between the heirs of the respective grantees in said deed and asked that the same be construed and it be determined whether the grantees became vested with the title as joint tenants with the right of survivorship, or as tenants in common, or in some other manner.

The defendants' answer admitted that a controversy had arisen and asserted that upon the death of the son, Thomas Edward Powers, the deed in question, when properly construed, operated to transfer the whole interest in the premises to his father, Edward Powers. The judgment of the trial court was that the deed failed to comply with the requirements of the laws of the State of Illinois to vest title in joint tenancy in the grantees, but by virtue of said deed the title to the real estate described therein became vested in Edward Powers and his son, Thomas

Edward Powers, as tenants in common, each of them being the owner of an undivided one-half interest.

The following are the only portions of the deed material to the determination of the questions raised: "Conveys and Warrants to the said parties of the second part not as tenants in common, but as joint tenants, so that upon the death of one. all the entire fee simple title shall vest in the survivor the following described real estate, to-wit: [description of the real estate] to have and to hold the above granted premises to the said parties of the second part forever not in tenancy in common but in joint tenancy, so that upon the death of one the entire fee simple title shall vest in the survivor."

Appellants contend that the words, "not as tenants in common, but as joint tenants," appearing in the granting clause, as well as words of similar import appearing in the *habendum* clause, should be rejected as surplusage, and full effect be given the words, "so that upon the death of one all the entire fee simple title shall vest in the survivor." It is then asserted that the construction of the deed would come within the rule of the case of *Pure Oil Co.* v. *Bayler,* 388 Ill. 331, in which it was held that the words "CONVEY and WARRANT to the survivor in Fee Simple forever survivor to dispose of they shall see fit to do," conveyed a fee title to the grantor's wife, subject to a condition of defeasance if she should predecease him. The words "joint tenants," or words of like meaning, were not used in that deed.

In the construction of deeds the court seeks to ascertain the intention of the parties and that intention, when found, will be given effect if it is consistent with the language used and with the law and public policy. (*Tindall* v. *Yeats,* 392 Ill. 502.) Since it cannot be presumed that the parties used words or terms in a deed without intending that some meaning or effect be given them, a construction will be

adopted, if legally permissible, giving effect to the whole instrument and to each word and term used, rejecting none as meaningless, repugnant or surplusage. (*Smith* v. *Grubb,* 402 Ill. 451.) That this court may not arbitrarily reject words in the construction of a deed was aptly stated in the very early case of *Mittel* v. *Karl,* 133 Ill. 65, at page 68: "The question then to be determined is, what construction is to be placed on the words found in the deed, 'and the survivor of them, in his or her own right?' It is suggested that they may be rejected as surplusage. That can not be done. These words were placed in the deed by the contracting parties for a purpose, and they can not arbitrarily be rejected. In the construction of written contracts it is the duty of the court to ascertain the intention of the parties, and the intention, when ascertained, must control; but in arriving at the intention, effect must be given to each clause, word or term employed by the parties, rejecting none as meaningless or surplusage."

It is also a rule that in construing the granting clause of a deed, all of its parts should be considered together and harmonized, if possible. (*Haughn* v. *Haughn,* 296 Ill. 305.) Applying these rules of construction to the deed under consideration it necessarily follows that the words, "not as tenants in common, but as joint tenants," may not be rejected as surplusage, but must be harmonized, if possible, with the words, "so that upon the death of one all the entire fee simple title shall vest in the survivor." One of the essential characteristics of an estate of joint tenancy is the right of survivorship, that is, the right of the last survivor to take the whole. *Partridge* v. *Berliner,* 325 Ill. 253.

The words, "so that upon the death of one all the entire fee simple title shall vest in the survivor," do not change, enlarge upon, or detract from the quantity of the estate conveyed in joint tenancy. Taken together the words used

in the granting clause, as well as like terms used in the *habendum* clause, were those proper to be used in creating an estate in joint tenancy. We have held that a conveyance to two persons "with full rights of survivorship and not as tenants in common," is sufficient to create an estate in joint tenancy. (*Shipley* v. *Shipley*, 324 Ill. 560.) The deed in controversy expressly states that the grantees are not to take as tenants in common, but as joint tenants, and that the joint estate vested in them is one with the right of the survivor to take the whole fee-simple estate. This clearly expresses an intention that the grantees are to take an estate in joint tenancy.

While it was clearly the intention of the parties that the title vest in the grantees as joint tenants, the deed was not legally effective to create an estate in joint tenancy. The effect of a deed, where made by parties one of whom has an interest in the title, and the other of whom does not, is to create a tenancy in common between such grantees instead of a joint tenancy. *Porter* v. *Porter*, 381 Ill. 322; *Prewitt* v. *Prewitt*, 397 Ill. 178.) The reason that the grantees did not take title in joint tenancy is not because the intention of the grantor could not be ascertained, but because, under the law, a joint tenancy could not be created in the manner attempted. The operation of a deed on the legal title is not necessarily controlled by the intention of the parties but is governed by law. *Deslauriers* v. *Senesac*, 331 Ill. 437.

Edward Powers could not convey any interest to himself as a joint tenant, and for that reason he could not by the same instrument convey to his son, Thomas Edward Powers, in joint tenancy. Two of the essential properties of an estate in joint tenancy—the unity of title and the unity of time—were lacking. The deed was sufficient, in such a situation, to create a tenancy in common, and Edward Powers did convey to his son an undivided one-half interest in the property, which descended to the heirs

of the son at his death. The other one-half was retained by the grantor, Edward Powers, and, after his death, was subject to be disposed of under the terms of his last will and testament. *Deslauriers* v. *Senesac,* 331 Ill. 437.

The decree of the circuit court of McLean County is, therefore, affirmed.

*Decree affirmed.*