**The City of Vandalia, a Municipal Corporation, Petitioner, v. Jesse Clyde Tate, Loretta M. Tate, The Shell Oil Company, a Corporation, May Zent Capps, et al., Defendants.**

Gen. No. 65–68.

Fifth District.

January 17, 1966.

Rehearing denied February 5, 1966.

Burnside & Dees, of Vandalia, for The Shell Oil Company, defendant-appellant.

Crain & Hall, and J. Richard Royal, all of Vandalia, for petitioner-appellee.

GOLDENHERSH, P. J.

Petitioner, The City of Vandalia, filed a petition in the Circuit Court of Fayette County, under the provisions of sections 1, 2, 4, 5, 7, 8, 9 and 10 of chapter 47, and sections 11–125–1, 11–125–2, 11–130–1, 11–130–2, and 11–130–9 of chapter 24, Illinois Revised Statutes 1963, seeking to condemn lands for the construction of a reservoir to create a supplemental water supply.

Certain defendants, not parties to this appeal, who are the fee owners of one of the tracts sought to be condemned, and defendant, Shell Oil Company, as owner of an easement over said tract, filed separate traverses seeking dismissal of the petition. The circuit court heard evidence on the traverses, found for the petitioner and against the defendants, and denied the prayer for dismissal. The court further found that there was no just reason for delaying enforcement or appeal of the order. Defendant, Shell Oil Company, appeals; no appeal has been taken by the defendant land owners.

Petitioner has filed a motion to dismiss the appeal on the ground that the order denying the traverse is merely interlocutory, does not finally dispose of the proceeding so as to give this court jurisdiction, and is not a final and appealable order. We have taken the motion with the case.

Subsequent to the entry of the above described order, petitioner amended its petition stating that it does not seek to take from defendant its interest in any easement within a 40-foot wide strip described as "20 feet on each side of the center line of defendant's existing pipe line," leaving defendant the right to maintain and operate the pipe line, together with ingress and egress to and from the strip so described, petitioner however, to have the right to flood and inundate so much of the 40 foot strip as will be covered by water within a high water mark 5 feet above the normal water line of the proposed reservoir.

It is defendant's contention that the evidence shows that petitioner sought defendant's property for purposes not authorized by the statutes under which the action was brought, and the circuit court erred in not dismissing the petition.

It is petitioner's theory that the evidence clearly shows petitioner's right to acquire the fee and inundate the land upon which defendant has an easement, that there is no evidence to sustain the traverse, and the order should be affirmed.

We shall first consider petitioner's motion to dismiss the appeal. Petitioner, in support of the motion, cites Trustees of Schools of Township No. 42 v. Schroeder, 23 Ill2d 74, 177 NE2d 178, and Board of Trustees v. Timpone, 28 Ill2d 255, 190 NE2d 786.

Defendant contends that in Trustees of Schools of Township No. 42 v. Schroeder, the decision is based on the Supreme Court's finding that the granting of the petition for leave to appeal from the order granting a

490

new trial did not bring up for review the issues raised by the traverse in that case, that section 50(2) of the Civil Practice Act is not involved, and the statement by the court that a ruling on a traverse may be appealed only where a final judgment fixing compensation has been entered was dicta, not necessary to the decision of the case.

As to Board of Trustees v. Timpone, defendant argues that unlike the case at bar, the trial court failed to make the finding required by section 50(2) of the Civil Practice Act, and it is clearly implied in the opinion that had such finding been made, the appeal would not have been dismissed. Defendant further urges that under Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787, the trial court is vested with discretion to determine whether an appeal must await final disposition of the case, that the trial court here, by making the finding required under section 50(2), acted within its discretion and the motion should be denied.

In the case of Davis v. Childers, 33 Ill2d 297, 211 NE2d 364 (rehearing denied November 18, 1965), the Supreme Court held an appeal was properly dismissed, even though the trial court had made the finding required under section 50(2) of the Civil Practice Act. The opinion leaves no doubt that "Where only a single claim is involved a trial court can not confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal."

The Supreme Court has held that the value of land taken in eminent domain proceedings must be valued as a whole, Chicago, B. & Q. R. Co. v. Reisch, 247 Ill 350, 93 NE 383, and the value of the land so taken cannot be increased by severance of the ownership of the interests therein, Board of Trustees v. Timpone (supra). The proper procedure is to assess the damages for the whole of the land taken and then apportion the sum so fixed, among the various interests. What petitioner sought

here was the tract of land and all the interests therein, not some particular interest, such as an easement. Although the defendants are numerous, as between the petitioner and the defendants collectively, there is a single claim for relief. The division and apportionment of the condemnation award is a matter to be determined subsequent to ascertainment of the value of the tract taken, and the existence of various interests in the land does not serve to make this into a situation involving multiple claims.

We fail to see any distinction between Davis v. Childers (supra) and the case at bar. In Davis the trial court found as a matter of law that petitioner was entitled to recover, leaving as the only issue for the jury, the assessing of plaintiff's damages. In the case at bar, by denial of the dismissal sought by the traverse, the court has held petitioner may lawfully take the tract of land, leaving for determination by a jury the amount of the award. Despite the finding of the trial court, the order is not appealable, and the appeal is, therefore, dismissed.

Appeal dismissed.

MORAN and EBERSPACHER, JJ., concur.