DAVID VIETMEIER et al., Plaintiffs-Appellants, v. DELMAR KAMPEN et al., Defendants-Appellees.—(URBAN T. LEININGER, Exr. of the Estate of Kathryn Stukenberg, Deceased, Third-Party Defendant-Appellant.)

(No. 73-62;

Second District—November 15, 1974.

Hunter, Madden, Plager & Hasting, of Freeport, for appellants.

Kroeger, Burt & DeMik, of Freeport, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs-Appellants, David and Lorence Vietmeier, commenced this forcible entry and detainer action in the circuit court of Ogle County against Delmar and Rena Kampen, defendants-appellees. There was also pending in the circuit court the matter of the estate of Kathryn Stukenberg, deceased. Urban Leininger, executor of the Stukenberg estate, and Delmar and Rena Kampen, the defendants in the forcible entry and detainer action, filed a complaint for declaratory judgment and for a writ of injunction against David and Lorence Vietmeier in the probate matter. The court ordered the declaratory judgment action in the probate case be consolidated with the forcible entry and detainer action. On motion of the defendants, Delmar and Rena Kampen, the court further ordered that the executor of the Stukenberg estate should be joined as a third-party defendant in the forcible entry and detainer action. The court, without a jury, in the forcible entry and detainer action, entered judgment in favor of the defendants and against the plaintiffs, from which judgment this appeal is taken.

The Vietmeiers, plaintiffs in the forcible entry and detainer suit, farmed a portion of the premises owned by Kathryn Stukenberg during

the crop year beginning on the first day of March, 1971, and ending on the last day of February, 1972. Mrs. Stukenberg died a resident of Ogle County, Illinois, on November 15, 1971. Urban Leininger was appointed executor of Mrs. Stukenberg's estate on December 30, 1971. On February 28, 1972, Leininger as executor entered into an agreement for deed with the Kampens relating to the premises in question in this cause. Pursuant to the agreement for warranty deed the Kampens took possession of the premises on March 1, 1972. On May 1, 1972, the Vietmeiers filed an action in forcible entry and detainer and thereafter the declaratory proceeding filed in the probate estate was consolidated with such action.

On the date the case was set for hearing defendants moved for leave to name Urban Leininger, executor of the Stukenberg estate, a third-party defendant. The third-party action was filed and Leininger entered his appearance but the court reserved its ruling on the propriety of the third-party action. The gist of the third-party action was the obligation of Leininger as executor to indemnify or hold harmless the Kampens from any damages which they might sustain as a consequence of any action by the Vietmeiers. The fact that the Vietmeiers might have some claim as tenants was specifically recognized in the agreement for deed and the Kampens at the time they took possession of the premises on March 1, 1972, were aware of the Vietmeiers' claim.

At the time of the hearing a stipulation was entered into by the parties relative to certain objections that might be made by Leininger as executor under the provisions of section 2 of "An Act in regard to evidence and depositions" (Ill. Rev. Stat. 1971, ch. 51, par. 2), commonly known as the Dead Man's Act. Testimony to which objections were made under the Dead Man's Act was to be received by the court, but the court was to reserve final ruling on any such objections until such time as the court had also ruled on the motion to permit the executor to be made a third-party defendant.

Finally, the court ruled that the motion to permit the executor to be named third-party defendant should be granted and the court further ruled that the testimony of David Vietmeier, one of the plaintiffs, should not be admitted because of the provisions of the Dead Man's Act. Thereafter the court decided the issues in favor of the defendants and the appellants have appealed.

The Vietmeiers farmed a portion of the Stukenberg farm commencing March 1, 1971. Other relatives of the plaintiffs had farmed the land for several years prior thereto. It was the Vietmeiers' claim they were farming the land under an oral tenancy from year to year and the plaintiffs introduced the testimony of several witnesses including that of David Vietmeier heretofore referred to in support of their contention. The

Kampens and Leininger were aware of and admitted that some arrangement existed between Mrs. Stukenberg and the plaintiffs but contended they were only employees or tenants for a particular period of time. The issue was thus framed because admittedly no written notice of termination of tenancy was given to the Vietmeiers as required by section 5.1 of "An Act to revise the law in relation to landlord and tenant" (Ill. Rev. Stat. 1971, ch. 80, par. 5.1), which provides for four months written notice to terminate tenancy from year to year of farm lands.

On this appeal the plaintiffs urge the following: one, the trial court erred in permitting Urban Leininger, executor of the state of Kathryn Stukenberg, deceased, to be joined as a third-party defendant in the forcible entry and detainer action; two, the trial court erred in striking the testimony of David Vietmeier, one of the plaintiffs, on the basis of the provisions of the Dead Man's Act (Ill. Rev. Stat. 1971, ch. 51, par. 2); and three, the judgment of the circuit court in favor of the defendants Kampen and against the plaintiffs Vietmeier was against the manifest weight of the evidence and was clearly erroneous.

In the view we have taken of this case it will only be necessary to consider the first assignment of error since in our opinion the trial court erred in permitting the third-party claim to be filed.

The resolution of this issue is governed by section 5 of "An Act in regard to forcible entry and detainer" (Ill. Rev. Stat. 1971, ch. 57, par. 5) which provides, "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise."

■■ It is now settled that the foregoing section of the Forcible Entry and Detainer Act requiring counterclaims or defenses to be "germane" to the special purpose of the statute is unaffected by joinder provisions of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 1, ch. 57, par. 11; *Twin City Inn, Inc. v. Hahne Enterprises, Inc.*, 37 Ill.2d 133, 225 N.E.2d 630, and *Reid v. Arceneaux*, 63 Ill.App.2d 113, 211 N.E.2d 24.) No claim was made in the trial court or is made in this court that the executor is a necessary party to the proceeding or that the plaintiffs sought any relief against the executor.

In the case of *Twin City Inn, Inc. v. Hahne*, 37 Ill.2d 133, 225 N.E.2d 630, the plaintiff-lessor brought a forcible entry and detainer action against a corporate defendant in default on the lease, including a claim for rent against the corporate defendant, and a claim for the same amount against an individual defendant who had guaranteed the obligation of the corporate defendant on the lease. In holding that the trial court erred in refusing to dismiss the action at the request of the individual defendant, the court declared that the action against the in-

dividual defendant as guarantor did not touch upon any possessory rights in the premises and therefore was not germane to the special purpose of the forcible entry and detainer action. We believe the rule as applied in the foregoing case is dispositive of the issue raised in this case and requires the conclusion that the third-party action should not have been joined. If it was not permissible for the plaintiff in the *Twin City Inn* case to assert its claim against a guarantor, it seems to us equally impermissible for the defendant to seek indemnification from a third party based on a collateral agreement between the parties to the third-party action. In such collateral action no possessory rights are involved, and the issues raised in the third-party action are irrelevant to the issue of possession raised in the forcible entry and detainer action. *Bleck v. Cosgrove*, 32 Ill.App.2d 267, 177 N.E.2d 647, is in accord with our holding and is illustrative of the application of the rule to a factual situation in which the defendant in a forcible entry and detainer action properly sought to assert his rights as a tenant, but improperly sought to assert his rights in another capacity, namely as shareholder.

The only case called to our attention by the appellees in support of the trial court's action is *Allensworth v. First Galesburg National Bank & Trust Co.*, 7 Ill.App.2d 1, 128 N.E.2d 600, in which the court approved the granting of equitable relief to a defendant in a forcible entry and detainer action. We agree with the holding in the *Allensworth* case, but, rather than supporting the trial court's action in the instant case, we believe the reasoning of the court when applied to the facts of the instant case requires the conclusion that the third-party claim was improperly filed. In *Allensworth* the plaintiff in the forcible entry action had filed numerous previous legal actions questioning the ownership and right of possession to the property by the defendants, all of which actions had been determined adversely to the plaintiff. The defendants sought and were granted injunctive relief protecting their ownership and possession of the premises from future litigation by the plaintiff. The court recognized initially that the defendants did have the right to possession of the premises and that although they might have an independent action to accomplish the same result the court concluded that seeking such relief was related to the possessory rights asserted by the defendants and which were directly in issue in the action. In contrast to the facts in the *Allensworth* case, those in the instant case indicate the executor was not in possession of the premises and did not assert any right to possession of the premises. Furthermore, the third-party claim did not involve any possessory issues but merely indemnification in the event the defendants sustained some damage.

■■ It is our conclusion the trial court erred in permitting the filing

of the third-party action against the executor of the Stukenberg estate. It follows from this holding that the court also erred in excluding the testimony of David Vietmeier. If, as we hold, the third-party action was improperly filed, then no claim is asserted against the representative of a decedent, and consequently the question of the disqualification of David Vietmeier to testify does not arise. David Vietmeier's testimony should have been considered by the trial court, and the failure of the court so to do requires that this case be remanded for a new trial.

For the foregoing reasons, the judgment of the circuit court of Ogle County is reversed and remanded with directions that plaintiffs be granted a new trial.

Reversed and remanded with directions.

SCOTT, P. J., and DIXON, J., concur.