THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, *v.* PLATOLENE "500", INC., Defendant-Appellant.

(No. 12898; ▬▬▬▬)

Fourth District—October 30, 1975.

TRAPP, J., specially concurring.

Ralph D. Glenn, of Glenn & Logue, of Mattoon, for appellant.

William J. Scott, Attorney General, of Springfield (Jeffrey C. Taylor, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff the Department of Transportation of the State of Illinois brought an action in a forcible entry and detainer in the circuit court of Macon County against defendant Platolene "500", Inc. The trial court, hearing the case on an agreed statement of facts, found plaintiff to be entitled to the premises in question and entered judgment accordingly. Defendant appeals. The sole question presented is the interpretation to be given a lease entered into between plaintiff's grantor and defendant's predecessors and extensions thereof arising out of correspondence between plaintiff's grantor and defendant.

The parties stipulate that on May 1, 1961, Elizabeth P. Godwin (lessor) and Centrill Monarca Oil Company (lessee) entered into a lease on the premises in question. The lease provided that the lessee was to operate a filling station on the premises for the term of 5 years, said leasehold term to run from July 1, 1961, to June 30, 1966. In paragraphs 8 and 13, lessee was given the option to renew the lease on the same terms (subject to rent renegotiation) for an additional 5-year period to run from July 1, 1966, to June 30, 1971. In paragraph 9 it was provided that if the lessor received a bona fide offer to purchase said premises, the lessee would have the first option to purchase at the offered price.

The lease was renewed for an additional 5-year period from July 1, 1966, to June 30, 1971. Subsequently defendant Platolene "500", Inc. succeeded to the rights of Centrill Monarca Oil Company. Prior to the expiration of this leasehold term defendant requested another 5-year extension under the same terms as under the existing lease. In a letter dated May 3, 1971, Godwin's attorneys agreed to that extension, stating, "It is satisfactory with Mrs. Godwin that you exercise your option *with the condition and understanding that the premises may be condemned through condemnation proceedings by the State of Illinois. Of course, any such proceedings will terminate your lease.*" (Emphasis added.)

On May 5, 1971, J. W. Connelly, defendant's manager, wrote to Mrs. Godwin's attorneys acknowledging receipt of the May 3 letter and asking whether it was agreed that paragraph 13 of the existing lease extended to them another 5-year option. It was stated that if this was so, then defendant would like to exercise that option. On May 7, 1971, Godwin's attorney confirmed the renewal as follows:

"Replying to your letter of May 5, 1971, I have no objection for you writing a letter authorizing the execution of another 5-year lease on the same terms and conditions, *subject to the condemnation proceedings.*" (Emphasis added.)

Connelly testified that when he signed the letter of May 5, 1971, renewing the lease, he was aware that the State was interested in the property, and that he was looking for another site. At no time did Godwin offer to sell the premises to defendant nor has the State ever filed any condemnation proceedings against the property.

Defendant notes that Black's Law Dictionary (4th ed.) defines the word "proceeding" as follows:

"In a general sense, the form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action from its commencement to the execution of judgment."

It further calls our attention to section 2 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 2) which provides that a party having the right to take private property for public use "may apply to the *circuit* court of the county where the property or any part thereof is situated, by filing with the clerk a petition" seeking to condemn the property. It therefore concludes that the phrase "condemnation proceedings" occurs only when a petition for condemnation has actually been filed. Since no such petition has been filed it contends that it is still entitled to the possession of the premises in question as lessee.

Plaintiff counters that section 2 of the Eminent Domain Act also provides that suit may be filed only when the compensation for the property taken or damaged "cannot be agreed upon by the parties interested" (Ill. Rev. Stat. 1973, ch. 47, par. 2). This provision requires the State to make a good faith attempt to agree on compensation with the owners (*City of Evanston v. Piotrowicz*, 20 Ill.2d 512, 170 N.E.2d 569; *County Board of School Trustees v. Boram*, 26 Ill.2d 167, 186 N.E.2d 275). Plaintiff also notes that 17 Ill. L. & Pr. *Eminent Domain* § 153 (1956) provides that when property is acquired by a condemning authority by way of deed rather than condemnation, the payment of consideration has the same effect as payment of damages in condemnation proceedings as far as the rights of the grantor to sue for damages to the land not taken are concerned. Two Illinois Court of Claims cases are cited in support. Plaintiff thus contends that its purchase, pursuant to good faith negotiations prior to filing petition to condemn, was sufficient to bring into operation the condition of the extension agreement that the lease was "subject to condemnation proceedings." Plaintiff contends that the lease was accordingly terminated.

■■ We find the words "subject to condemnation proceedings" to be ambiguous, permitting consideration of the surrounding circumstances set forth in the agreed statement of facts for the purpose of interpreting the meaning of the lease (*Borg-Warner Corp. v. Anchor Coupling Co.,* 16 Ill.2d 234, 156 N.E.2d 513).

> "It is of course true that the prime consideration in the construction of any instrument is to ascertain and effectuate the intent of the parties at the time of the execution of the document. Law v. Kane, 384 Ill. 591, 596. It is equally true that leases are construed most strongly against the lessor. (Goldberg v. Pearl, 306 Ill. 436, 439-440), and the document must be construed as a whole (Dolley v. Powers, 404 Ill. 510, 512-513), taking into consideration all of the circumstances surrounding its execution." *South Center Department Store, Inc. v. South Parkway Building Corp.,* 19 Ill.App.2d 61, 68, 153 N.E.2d 241, 244.

The stipulated facts clearly indicate that at the time of agreeing to the latest extension of the lease, the parties fully understood that the State was intending to acquire the property for highway purposes. This could be accomplished by a purchase pursuant to the statutorily required negotiations with the owner prior to filing a petition, a purchase after the filing of the petition but before order vesting title in the State or by such an order. The landowners had an interest to see that defendant's lease terminated upon the acquisition by the State because otherwise it would be entitled to part of the award if the value of the remainder of its leasehold was greater than the rent that would have to be paid to maintain it. Defendant had no interest that could be protected by requiring that the acquisition be after, rather than before, filing of petition because such interest could be defeated easily by the perfunctory filing of a petition. Under the terms of the lease, it had 30 days after the termination of the lease to remove any tanks, pumps or other items which it owned. The right to purchase on the same terms as offered by the State would be of little value, because on subsequent condemnation, the purchase price would be likely to set the standard for determining the compensation to be awarded.

■■ Under these circumstances, even construing the agreement most strongly against the lessor, we can see no reasonable interpretation that the parties would have intended the filing of a condemnation petition by the State to have been necessary to terminate the extended lease. The judgment is affirmed.

Affirmed.

SIMKINS, P. J., concurs.

Mr. JUSTICE TRAPP, specially concurring:

I concur in the judgment awarding possession to the plaintiff, but do not agree with the conclusion that the respective interests of the defendant, lessee, and its lessor are properly determined in forcible entry and detainer.

In arguing upon appeal, defendant urges that it is entitled to obtain the value of its interests under a lease. The issue is whether such interests, in fact, exist.

The plaintiff acquired title by warranty deed in lieu of condemnation. The consideration paid to the lessor presumably represents the fair cash market value of the land. It is stated that the payment or consideration operates to the same effect as the payment of damages in condemnation. With such payment the plaintiff became entitled to possession.

Where condemnation proceedings are litigated to judgment, the proper procedure is to assess damages for the whole of the land taken and then apportion the sum so fixed among the various interests. *City of Vandalia v. Tate,* 66 Ill.App.2d 488, 213 N.E.2d 787.

Upon the facts of this case the issues raised by the defendant were not germane to the special purpose of forcible entry and detainer and were not properly determined in these proceedings. *Vietmeier v. Kampen,* 24 Ill.App.3d 633, 321 N.E.2d 512.