(No. 40142.—

TWIN-CITY INN, INC., Appellee, *vs.* HAHNE ENTERPRISES, INC., *et al.*, Appellants.

*Opinion filed March 29, 1967.*

WOLSLEGEL & ARMSTRONG, of Ottawa, (CRAIG M. ARMSTRONG, of counsel,) for appellants.

POOL & LANGER, of Ottawa, and KAVANAGH, BOND, SCULLY, SUDOW & WHITE, of Peoria, (ERNEST H. POOL, JR., of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On April 14, 1964, plaintiff, Twin-City Inn, Inc., leased certain facilities in its motel to the corporate defendant, Hahne Enterprises, Inc., for a period of five years beginning July 1, 1964. The individual defendant, William F. Hahne, Jr., executed a personal guaranty of the performance of all of the covenants of the lease by the corporate defendant. In this action the plaintiff alleged that the corporate defendant was in default in the payment of rent. As to the corporate defendant the complaint prayed for a judgment for possession and a writ of restitution under the Forcible Entry and Detainer Act, and joined a claim for accrued rent as authorized by section 5 of that act. (Ill. Rev. Stat. 1965, chap. 57, par. 5.) As to the individual defendant, the complaint prayed for judgment on the guaranty for the amount of rent allegedly due. The circuit court entered judgment for the plaintiff for possession of the leased premises, directed the issuance of a writ of restitution and entered judgment for accrued rent in the sum of $7,256.42 against both defendants. The case involves questions arising under the

constitution of the United States and the constitution of this State, and the defendants have appealed directly to this court.

After the defendants' motion to dismiss the complaint had been denied, they filed a demand for a trial by jury. (Ill. Rev. Stat. 1965, chap. 110, par. 64.) On the plaintiff's motion the jury demand was stricken and the case was tried before the court. The defendants contend that they had a constitutional right to a jury trial under the seventh amendment to the constitution of the United States, and section 5 of article II of the constitution of Illinois. They also contend that the Forcible Entry and Detainer Act granted them a statutory right to a trial by jury. We find it unnecessary to consider the Federal constitutional claim, because we are of the opinion that under the statute and the constitution of Illinois the judgment must be reversed and the cause remanded for a jury trial.

We consider first the defendants' contention that they had a statutory right to a trial by jury with respect to the forcible entry and detainer aspect of the complaint, which involves only the recovery of the possession of the leased premises. In reply to this contention the plaintiff asserts: "Prior to June 27, 1935, the Illinois statute concerning actions in forcible entry and detainer contained no provision providing for trial by jury. On that date, Section 11(a) of the Act was added, providing as follows:—'In any case relating to premises used for residence purposes, either party may demand trial by jury, notwithstanding any waiver of jury trial contained in any lease or contract.' * * * By the addition of section 11(a) the Legislature saw fit to permit a trial by jury in those situations where the premises involved were used for residential purposes. It did not purport to confer this right in any other situation, and can in no way be construed to apply to cases involving premises used for commercial purposes."

The plaintiff's position rests upon inaccurate assump-

tions concerning the history of the statute. At the outset, when the Forcible Entry and Detainer Act authorized two justices of the peace to entertain the action, a jury was required even if the defendant defaulted. (Laws of 1819, p. 61; *cf.* Ill. Rev. Stat. 1965, chap. 57, par. 12.) And since then the forcible entry and detainer statute has always provided for a trial by jury. Prior to the 1935 amendments, which were made to conform the Forcible Entry and Detainer Act and other special statutes to the Civil Practice Act of 1933, section 10 of the Forcible Entry and Detainer Act provided: "In trials under this Act before justices of the peace, either party may have the case tried by a jury if he shall so determine before the trial is entered upon * * *." Section 11 then provided: "Trials under this Act in courts of record, shall be the same as in other cases at law in such courts; * * *." Both sections 10 and 11 then contained the following provision: "In any case relating to premises used for residence purposes, either party may demand trial by jury, notwithstanding any waiver of jury trial contained in any lease or contract." Ill. Rev. Stat. 1933, chap. 57, pars. 10, 11.

In 1935 section 11 of the act was amended to provide: "The provisions of the Civil Practice Act, and all existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act." The 1935 amendment also substituted for the repetitive provisions of sections 10 and 11 concerning waivers of jury trial, the single provision of the added section 11a: "In any case relating to premises used for residence purposes, either party may demand trial by jury, notwithstanding any waiver of jury trial contained in any lease or contract." Ill. Rev. Stat. 1935, chap. 57, pars. 10, 11, 11a.

Section 10 of the act, which had expressly granted the right of trial by jury before justices of the peace, was re-

pealed in 1965 because justices of the peace were eliminated under the Judicial Article which became effective January 1, 1964. (Laws of 1965, p. 51.) And for the same reason section 11 was amended in 1965 by eliminating the reference to courts "of record." Laws of 1965, p. 3546.

The amendments described were made to accommodate the statute to extraneous changes in procedure and in the structure of the judicial system—in 1935 to the Civil Practice Act of 1933, and in 1965 to the abolition of justices of the peace. We are unable to read into them a legislative purpose to eliminate the right of trial by jury. The act continues to refer to trials by jury in sections 11a, 12, 17 and 19. (Ill. Rev. Stat. 1965, chap. 57, pars. 11a, 12, 17 and 19.) Section 11a is not, as the plaintiff contends, a new provision which grants the right to a trial by jury only in the case of property used for residential purposes. Rather it is a continuation of the earlier provisions that were concerned with leases or contracts which contained anticipatory waivers of the right of jury trial. The section continues to prohibit such anticipatory waivers in the case of residential property. And unless there is a right to a trial by jury, a provision which limits the circumstances under which the right may be waived is meaningless. We hold, therefore, that the statutory right of trial by jury under the Forcible Entry and Detainer Act has not been abrogated.

This conclusion makes it unnecessary for us to consider the further contention of the defendants that there is also a constitutional right of trial by jury with respect to the possessory aspects of a forcible entry and detainer action. (But see *City of Chicago* v. *Chicago Steamship Lines,* 328 Ill. 309.) We are of the opinion, however, that the defendants are correct in their contention that the constitution guarantees them a right of trial by jury with respect to the plaintiff's claim for rent. The conforming amendments of 1935 added the following provision to section 5 of the Forcible Entry and Detainer Act: "No matters not germane

to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." (Ill. Rev. Stat. 1935, chap. 57, par. 5.) In 1937 section 5 was further amended by the addition of the following clause: "Provided, however, that a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due." (Ill. Rev. Stat. 1937, chap. 57, par. 5.) The scope of the possessory action was thus expanded by permitting the inclusion of a claim for rent. Such a claim, however, is based upon a contract, express or implied, and was clearly cognizable at common law. That the authorization to join the common-law claim in the statutory proceeding did not eliminate the constitutional right of trial by jury with respect to that claim is indicated by the decision of this court in *Turnes* v. *Brenckle,* 249 Ill. 394.

The statute there invalidated provided that in an action to foreclose a mechanics lien, the court of equity could, if the lien was not established, render a money judgment as at law. The court held: "Whether the right to a jury trial exists in any given case depends upon the nature of the controversy rather than upon the form of the action." (249 Ill. at 403-4.) Even if, therefore, the action of forcible entry and detainer is regarded as a special statutory proceeding unknown to the common law, to which the constitutional right of trial by jury does not extend, the right to a jury trial upon a common law claim does not disappear when that claim is permitted to be joined in the special statutory proceeding.

By a motion to dismiss, the individual defendant challenged the propriety of joining in this action the plaintiff's claim against him upon the guaranty. The plaintiff seeks to justify the joinder upon the ground that the answer of the individual defendant does not dispute the execution of the guaranty, or its validity. But the statutory test of permissible joinder turns upon whether the matter joined is "germane to the distinctive purpose" of a forcible entry

and detainer action, and not upon the issues as they may develop upon the pleadings in a particular case. The defendants' motion to dismiss this claim because it was improperly joined was denied before any answer was filed. The distinctive purpose of a forcible entry and detainer action lies in its possessory aspect. A claim for rent due can be regarded as germane because so many actions to recover possession are grounded upon the nonpayment of rent. But an action for breach of contract against a third party, not in possession, cannot be regarded as intimately related to the distinctive purposes of a forcible entry and detainer action.

For the reasons stated, the judgment of the circuit court of LaSalle County is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*