A. W. Schostak, Plaintiff and Counterdefendant-Appellee, v. Peter J. Vlahakis, Defendant-Counterplaintiff and Third-Party Plaintiff-Appellant—(Jerome Pinderski et al., Third-Party Defendants-Appellees.)

(No. 53936;

First District—June 4, 1971.

*Rehearing denied October 12, 1971.*

Peter J. Vlahakis, *pro se.*

H. Pikowsky, John DePrima, and Harold Louis Miller, all of Chicago, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

In this case the defendant filed a counterclaim and a number of third party actions against ten third-party defendants.

The defendant petitioned for a change of venue "to another county court." This was accompanied by an affidavit of defendant consisting entirely of conclusions and accusations against many persons, which petition and affidavit were ordered stricken in consequence of their failure to set forth legal grounds for a change of venue. We will omit the allegations of this affidavit made against persons or firms, the validity of which charges is in no way relevant to change of venue from the county. The affidavit concludes:

"8. From Defendant's above experience there exist a mathematical problem one in 360 chance for him to have a fair trial in Cook County, Illinois.

9. Defendant believes that this small chance of having a fair trial gave the ambition to the plaintiff to file this nonprobable cause."

The record then reflects a number of procedures in which various of the third-party defendants and the plaintiff made various motions with respect to the third party complaint and counterclaim. It appears that the defendant, *pro se,* appeared at these proceedings and filed various briefs and petitions.

The defendant appeals *pro se* from the order striking the change of venue petition and affidavit, from an order striking the amended counterclaim, from an order allowing attorneys fees and costs against the defendant in consequence of allegations and denials made in the pleadings which were found to be without reasonable cause, not in good faith and untrue. He appeals also from similar orders dismissing the third party complaint as to others of the third-party defendants and finding that

certain of the allegations of the third-party complaint were untrue, made without reasonable cause and not in good faith.

This appeal was taken to the Supreme Court of Illinois under a claim of constitutional grounds. The Supreme Court has transferred the matter here for want of a substantial constitutional question.

Defendant's brief and argument violate many of the rules governing such documents. The statement of the case and argument are filled with many assertions which are not reflected in any fashion in the record.

While they are not properly presented, two contentions are made by the appellant: that the change of venue request was improperly denied and that the action of the trial court in dismissing the third-party complaints and assessing attorney fees and costs against him in consequence of violation of Section 41 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 41) somehow denied the defendant due process of law.

■■ With respect to the petition for change of venue, Section 1 of the Venue Act (Ill. Rev. Stat., ch. 146, sec. 1) sets forth the causes for change of venue. One of the causes is that a party shall fear that he will not receive a fair trial in the court in which the suit or proceeding is pending because the inhabitants of the county are prejudiced against him. Such an application, according to Section 4 of the statute, must be accompanied by affidavits of at least two other reputable persons resident of the county. No such affidavits accompany the petition. The affidavit of the defendant contains no allegation which could be a basis for a change of venue from the county. This petition was properly denied.

The Supreme Court in finding that no substantial constitutional question was involved has already answered the primary issue raised by the defendant. Nevertheless it is apparent from the record that the proceeding was conducted with considerably more than due deference to the rights of the defendant. The assessing of reasonable expenses and reasonable attorney fees by the court, where allegations and denials are made without reasonable cause and not in good faith and found to be untrue, is authorized by Section 41 of the Civil Practice Act and has been frequently applied by the courts.

■■ Defendant's contention is that due process requires he be entitled to a jury trial on his third-party complaint for indemnity, as well as on his counterclaim, regardless of the lack of legal merit of his claim and in disregard of the fact that his rights have been previously adjudicated in other courts in which the judgments have become final. This contention is totally without legal merit and will receive no further discussion.

Defendant requests that this Court apply constitutional provisions of due process of law while he freely disregards due process of law by

seeking endlessly to re-litigate matters which are *res adjudicata.* Only a system which shows almost endless patience would permit such contentions to be made. Defendant has had his day in court. He has had due process of the law.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.