THOMAS POULOS *et al.*, Plaintiffs-Appellees, v. RONALD REDA *et al.*, d/b/a Power Zone Gym, Defendants-Appellants.

First District (1st Division)   No. 86—1186

Opinion filed December 31, 1987.

■■■■■■■■

Thomas A. Appel, of Appel & Appel, Ltd., of Chicago, for appellants.

George S. Gatses, of Cicero, for appellees.

JUSTICE MANNING delivered the opinion of the court:

Plaintiffs, Thomas and James Poulos, filed an action pursuant to the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1983, ch. 110, par. 9—101 *et seq.*) against the defendants, Ronald Reda and Richard Litwin, d/b/a Power Zone Gym, for possession of the subject premises and rent. The defendants filed a timely jury demand, answer, affirmative defenses and a three-count counterclaim based upon an agreed order entered in a previous forcible entry and detainer action between the identical parties on the same lease agreement. On the day of trial, the trial court granted summary judgment in favor of the plaintiffs as to the defendants' counterclaim, struck the defendants' jury demand and entered judgment in favor of the plaintiffs after a bench trial. This appeal follows.

For the reasons hereinafter stated, we reverse the decision of the trial court.

On April 1, 1980, the parties entered into a lease agreement and addendum regarding certain commercial property located at 2209-11 South Laramie in Cicero, Illinois. Various disputes arose between the parties regarding their rights and obligations under the lease, and in March 1985, the plaintiffs filed a forcible entry and detainer action against the defendants for possession of the premises and rent. On May 21, 1985, the court entered an order pursuant to an agreement of the parties settling the disputed obligations and the suit was dismissed. The terms of the settlement order essentially required the plaintiffs to make certain repairs to the premises and provided for a reduced rent for the ensuing six-month period.

Subsequent to the dismissal of the first action, the plaintiffs filed

the present action, against seeking possession of the premises and rent. The defendants filed a timely jury demand, an answer, affirmative defenses and a three-count counterclaim. The affirmative defenses alleged that the defendants were entitled to various setoffs against the rent due and owing to the plaintiffs based upon the obligations of the parties as enumerated in the settlement order dismissing the first forcible action. The counterclaim sought a permanent injunction barring the plaintiffs from terminating the lease and seeking specific performance under the lease and settlement order (count I), lost profits incurred because of plaintiffs' noncompliance with the settlement order (count II), and attorney fees (count III).

Plaintiffs filed a motion to strike and dismiss defendants' counterclaim pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) for failure to state a cause of action. The trial court denied plaintiffs' motion as to counts I and II. Count III was dismissed by agreement of the parties.

Plaintiffs then filed responses to the affirmative defenses and counterclaim and filed two motions for summary judgment. The first motion sought summary judgment on the plaintiffs' original complaint against the defendants alleging that the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 et seq.) precluded the defendants from establishing their defenses. They argued that because the order relied on by the defendants in their defenses was not signed by the plaintiffs, it was barred by the Statute of Frauds. Since the defendants could not establish their affirmative defenses without that document, plaintiffs contended that they were entitled to summary judgment as a matter of law. The motion was supported by a copy of the original lease agreement, a copy of the court order of May 21, 1985, and an affidavit executed by the plaintiff stating that both exhibits were true and exact copies of the documents they purported to be.

The second motion sought summary judgment on the defendants' counterclaims and relied on a similar argument. Defendants' counterclaim alleged that the settlement agreement of May 21, 1985, constituted a modification of the original lease agreement. Plaintiffs argued that the order could not be considered as evidence of a modification because it was not signed by the plaintiffs as required by the Statute of Frauds. Plaintiffs asserted that since the order was not admissible as proof of an alleged modification, the defendants had no basis for their counterclaim, and the plaintiffs were entitled to summary judgment as a matter of law. This motion was similarly supported by a copy of the original lease agreement, a copy of the court order of May 21, 1985, and an affidavit executed by the plaintiffs stating that both

exhibits were true and exact copies of the documents they purported to be.

Defendants responded to both motions, stating that the Statute of Frauds was not applicable to the order of May 21, 1985. Both motions for summary judgment were heard on the morning of trial. The court denied the plaintiffs' motion as to the original complaint, but granted summary judgment without prejudice in favor of the plaintiffs as to the counterclaim, stating that the counterclaim was not "germane" to the forcible entry and detainer action.

Immediately prior to trial, the court informed the parties that in its opinion section 9—108 of the Forcible Entry and Detainer Act, which provided for the right to trial by jury, applied only to residential property and that the parties were to proceed to trial without a jury. During the course of the trial the court did not allow into evidence any testimony or exhibits regarding the settlement order or depreciated value of the premises. At the conclusion of the trial, the court awarded judgment to the plaintiffs in the amount of $9,000 less $1,450.20 expended by the defendants in repairing the premises. Possession was stayed for 21 days from the date of the judgment. Defendants filed a motion to vacate judgment and for rehearing and new trial, which was heard and denied by the trial court.

The defendants appeal, alleging that the trial court erred when it: (1) granted summary judgment in favor of the plaintiffs; (2) refused to admit the settlement order into evidence at trial; (3) denied defendants their right to trial by jury; (4) refused to allow the defendants to introduce evidence of diminished value of the premises; and (5) awarded damages in excess of the addendum.

We will first address the issues raised in connection with the original complaint. The defendants' initial claim is that the trial court improperly deprived them of their right to trial by jury in the forcible entry and detainer action. The record indicates that on the morning of trial, the court informed counsel that section 9—108 of the Forcible Entry and Detainer Act applied only to residential property, that defendants' jury demand would not be honored and that the case would proceed to trial without a jury. The defendants claim that section 9—108 does not abrogate the right to trial by jury in a forcible entry and detainer action involving commercial property and that they should have been allowed to proceed with a jury.

An examination of the plaintiffs' action indicates that it is in reality comprised of two separate claims: a statutory claim for possession and a common law claim for rent based upon a contract brought jointly pursuant to section 9—106 of the Forcible Entry and Detainer

Act. (See *Twin-City Inn, Inc. v. Hahne Enterprises* (1967), 37 Ill. 2d 133, 225 N.E.2d 630.) Regarding the question of possession, we note that an order of possession was entered by the trial court on February 24, 1985, and the lease in question expired by its own terms on April 30, 1986. Clearly the defendants can no longer be placed in possession of the premises. Since the relief the defendants seek can no longer be granted, the question of whether the defendants are entitled to a jury determination on the question of possession is moot (*People v. Lynn* (1984), 102 Ill. 2d 267, 272, 46 N.E.2d 1031), and there is no need to decide that contention on appeal.

■ The claim of rent is still a viable issue, however, and one that entitles the defendants to a trial by jury. (See *Twin-City Inn, Inc. v. Hahne Enterprises* (1967), 37 Ill. 2d 133, 225 N.E.2d 630.) Consequently, as to that portion of the suit, we find that it was error for the trial court not to honor the defendants' jury demand. By this limited ruling we do not mean to imply that the trial court's interpretation of section 9—108 is proper. Rather, we abstain from deciding that issue on the merits, for to do so would be to issue an advisory opinion and, with few exceptions, the courts of Illinois do not issue advisory opinions. *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76, 491 N.E.2d 1160.

■ Defendants' second contention is that the trial court erred by refusing to admit the settlement order into evidence at trial. They argue that it should have been admitted because it is germane to both the issues of possession and rent. As to the issue of possession, defendants contend that when a landlord's claim for possession is based upon the tenant's nonpayment of the rent, the landlord's breach of a covenant to repair may excuse payment of that rent. Since the settlement order is evidence of the landlord's obligations to repair, the defendants contend that it is germane to the issue of possession.

The purpose of a forcible entry and detainer action is to adjudicate the parties' rights to possession of the premises and the proceedings should not be burdened with matters not directly related to the issue of possession. (*Bismark Hotel Co. v. Sutherland* (1981), 92 Ill. App. 3d 167, 174, 415 N.E.2d 517.) Matters not germane to the distinctive purpose of the proceeding shall not be introduced by joinder, counterclaim or otherwise. (Ill. Rev. Stat. 1983, ch. 110, par. 9—106.) "Germane" has been held to mean "closely allied," "closely related," "closely connected" or "appropriate." (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 256, 263 N.E.2d 833.) The general rule in Illinois is that the obligation to pay the rent and the covenant to make repairs are separate and independent covenants and that the failure

to make the promised repairs does not discharge the obligation to pay rent. (*Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902, 906, 361 N.E.2d 605.) While it is true that in some instances a landlord's breach of his covenants under a lease has been held germane to a forcible entry and detainer action (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 367, 280 N.E.2d 208), this holding has been confined to residential dwellings and has not been extended to commercial leases (*General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 887, 398 N.E.2d 1104). Where a commercial lease is involved, matters which are considered germane to the issue of possession are construed more strictly (*Great American Federal Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 276, 484 N.E.2d 429), and a commercial occupant cannot raise a landlord's failure to repair as a defense in a forcible entry and detainer action for the nonpayment of rent. (*City of Chicago v. American National Bank* (1980), 86 Ill. App. 3d 960, 963, 408 N.E.2d 379.) Since any alleged failure to repair by the plaintiffs is not relevant to the question of possession, the trial court properly excluded evidence of the agreement between the parties as to that issue.

■ Concerning the question of rent, defendants argue that the settlement order was relevant to show that the amount of rent claimed by the plaintiffs was not the amount which was actually due and owing. Under the terms of the original lease, defendants were required to pay rent of $1,000 per month. Pursuant to the terms of the settlement order, however, the amount of rent for the months of June to November 1985 was reduced to $800 per month. At trial, the court did not allow the defendants to introduce the order as evidence of the reduced rent. In this instance, the settlement order is directly related to the question of rent and should have been admitted into evidence.

■■ Next we turn to the arguments pertaining to the counterclaim. The defendants allege that it was error for the trial court to grant summary judgment in favor of the plaintiffs for two reasons: first, because the Statute of Frauds was not applicable to the settlement order and second, because the counterclaim was germane to the forcible entry and detainer action.

As discussed previously, the issue of possession contained in count I is moot. We agree with the defendants, however, that summary judgment was improperly granted as to count II of their counterclaim. Summary judgment is a drastic remedy and should only be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary

judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) In determining whether a genuine question of fact exists, the pleadings must be construed most strictly against the moving party. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) If reasonable men might disagree about the fact, summary judgment should not be granted. *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 437, 344 N.E.2d 29.

In the present case, the plaintiffs do not deny that they entered into the settlement agreement, but argue that the order cannot be introduced as evidence of that agreement because of the Statute of Frauds. Defendants contend that the Statute of Frauds is not applicable in this case and that a material question of fact exists as to whether the parties intended the settlement order to constitute a modification of the lease.

In order to satisfy the Statute of Frauds, a lease for a term of more than one year or a memorandum thereof must be a writing signed by the party to be charged or his agent and must contain the names of the parties, a description of the property sufficient enough to identify the property, the amount of rent and the term of the lease. (*Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360, 366, 390 N.E.2d 417.) No particular form of memorandum is required to satisfy the statute (*Harthe v. Conn* (1981), 102 Ill. App. 3d 96, 100, 429 N.E.2d 885), and it is not necessary that a lease or a memorandum thereof be in one writing, but may consist of several writings taken together. (*Western Metals Co. v. Hartman Ingot Metal Co.* (1922), 303 Ill. 479, 483, 135 N.E.2d 744.) However, to establish a lease or memorandum thereof from more than one writing, only one of which has been signed, the signed writings must refer specifically to the other writings and must be so connected, either physically or otherwise, as to show by internal evidence that they relate to the same contract. (*Shugan v. Colonial View Manor* (1982), 107 Ill. App. 3d 458, 465, 437 N.E.2d 731.) A pleading, such as an answer, may constitute such a memorandum. See *Jones v. Lloyd* (1886), 117 Ill. 597, 7 N.E.2d 119.

The settlement order in question is not signed by the plaintiffs or an authorized agent. However, the plaintiffs filed a verified answer to defendants' counterclaim, signed by both Thomas and James Poulos. In that answer the plaintiffs admit that they entered into a lease agreement with the defendants for the property located at 2209-11 South Laramie Avenue, Cicero, Illinois, they admit that disputes concerning the terms of that agreement arose which resulted in the filing of a lawsuit against the defendants for possession of that property and rent, and they admit that they entered into the settle-

ment agreement of May 21, 1985, with the defendants as disposition of that suit. These admissions are binding upon the parties making them and as to such parties, they are conclusive as to an admitted fact. (*Western Life Insurance Co. v. Chapman* (1975), 31 Ill. App. 3d 368, 372, 334 N.E.2d 806.) Plaintiffs' answer to defendant's counterclaim meets all of these requirements and, consequently, the Statute of Frauds does not preclude the use of the settlement order as evidence of the agreement between the parties.

■ Even assuming that the plaintiffs' answer did not meet all of the requirements of the Statute of Frauds, the defendants would nonetheless be able to rely upon the order as evidence of an agreement with the plaintiffs. Since both parties have admitted the existence of the agreement embodied in the settlement order, they have waived the Statute of Frauds. The purpose of the statute is to prevent the fraudulent enforcement of contracts that were not made, not to enable contractors to repudiate contracts they have in fact made. See *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226.

Since the Statute of Frauds does not bar introduction of the order of May 21, 1985, as evidence of the agreement between the parties, a genuine question of fact exists as to whether the parties intended that agreement to constitute a modification of the original lease and addendum and what the rights and obligations of the parties may be in relation to that agreement. Consequently, summary judgment was improper.

■ We further note that summary judgment was granted "without prejudice" and that the grant "shall not be a bar for future actions." The concept of summary judgment "without prejudice" is inapposite. "Without prejudice" indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties. (*Liberty Mutual Insurance Co. v. Congress Michigan Auto Park, Inc.* (1958), 19 Ill. App. 2d 502, 505, 154 N.E.2d 298.) Summary judgment, on the other hand, is the procedural equivalent of a trial and is an adjudication of the claim on the merits. (*Hulett v. Central Illinois Light Co.* (1981), 99 Ill. App. 3d 211, 213, 424 N.E.2d 1366.) Thus, to grant summary judgment without prejudice is to say that although there has been an adjudication on the merits, it is not conclusive as to the rights of the parties. Similarly, to say that the grant of summary judgment "shall not be a bar to future actions" is logically inconsistent. When summary judgment disposes of the rights between the parties, either upon the entire controversy or upon some definite and separate part thereof, as in the present case, it is a final order. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147

N.E.2d 371.) Under the doctrine of *res judicata*, a final judgment on the merits is conclusive as to the rights of the parties and their privies and constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action as to those parties. *Reynolds Metals Co. v. V. J. Mattson Co.* (1984), 125 Ill. App. 3d 554, 556, 446 N.E.2d 357.

■■ Defendants' next contention is that the court erred in refusing to consider evidence of diminished value of the premises as an element of the defendants' damages. Since at the time of trial the defendants did not have a claim for damages before the court, the trial court did not err in excluding such evidence.

Finally, defendants argue that the court erred in awarding damages in excess of the addendum. In view of our ruling that the judgment of the trial court should be vacated and the matter remanded for trial by jury on the question of rent, this issue need not be addressed.

For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part and reversed in part and remanded.

QUINLAN, P.J., and CAMPBELL, J., concur.