NOTICE

Decision filed 05/18/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190222-U

NO. 5-19-0222

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| TROYT A. COX, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 18-L-9 |
| | ) | |
| WASHINGTON SAVINGS BANK, | ) | Honorable |
| | ) | James J. Eder, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The trial court's dismissal of plaintiff's second amended complaint is affirmed where *res judicata* barred the action. The trial court did not err in denying plaintiff's petitions to transfer venue and vacate the judgment.

¶ 2   Plaintiff, Troyt A. Cox (Cox), appeals from the trial court's order dismissing his second amended complaint against defendant, Washington Savings Bank (WSB), as well as the trial court's denials of his request to transfer venue and vacate the judgment. On appeal, Cox contends the trial court misapplied *res judicata* as to count I, paragraph 4 of his second amended complaint. Cox further contends that his request to transfer venue was erroneously denied and his motion to vacate the judgment pursuant to section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2018)) was timely. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4       On August 6, 2018, Cox, a *pro se* complainant, filed a two-count second amended complaint against WSB.[1] The first count was based on the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2018)). The second count claimed a breach of fiduciary duty due to a misappropriation of funds held in trust. WSB moved to dismiss the complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2018)), claiming *res judicata* based on two Effingham County cases, 15-CH-9 and 15-L-46, that involved the same parties.

¶ 5       On October 9, 2018, the court issued a lengthy docket sheet ruling that granted in part, and denied in part, WSB's motion to dismiss. After taking judicial notice of the March 12, 2015, residential foreclosure case filed by WSB against Cox (15-CH-9), the court found the mortgage and promissory notes in that action were identical to the mortgage and promissory notes Cox relied upon in both counts of his second amended complaint. The court noted that no appeal or posthearing motions were pending from the February 16, 2017, order approving the sale. The court found that all of Cox's current claims against WSB arose from WSB's prior action related to the residential mortgage and promissory note and could have been brought in that action, but Cox failed to do so. Thereafter, the court found that both counts of Cox's second amended complaint were barred by *res judicata*, resulting from the prior proceedings and judgment in 15-CH-9.

¶ 6       The trial court also took judicial notice of Cox's prior action against WSB (15-L-46) which granted summary judgment for WSB. The trial court noted the status of the appeal proceedings, including our Rule 23 order, *Cox v. Washington Savings Bank*, 2017 IL App (5th) 160226-U, our denial of Cox's requested rehearing, and the supreme court's denial of Cox's petition for leave to

---

[1]Cox's initial complaint against WSB was dismissed on April 26, 2018. His first amended complaint was dismissed on July 5, 2018. Those dismissals were not appealed.

appeal. The trial court found that although the parties in 15-L-46 were the same as the parties in the current case, the claims made by Cox in 15-L-46 stemmed from WSB's actions related to Cox's commercial fire insurance proceeds, which were distinct from those in Cox's current claim that related to Cox's residential mortgage and promissory note. As such, the trial court found an insufficient identity for *res judicata* to apply to 15-L-46.

¶ 7     On November 7, 2018, Cox filed a notice of hearing setting his motion to vacate the judgment on December 5, 2018. Cox did not file his formal pleading with the notice of hearing. At a November 19, 2018, hearing, the trial court vacated the December 5, 2018, setting and stated the hearing would be rescheduled after Cox filed his motion to vacate the judgment. On December 13, 2018, Cox filed his motion to vacate judgment under section 2-1301 (735 ILCS 5/2-1301 (West 2018)) or alternatively under section 2-1401 (*id.* § 2-1401). The motion argued that not all of Cox's allegations were related to the residential mortgage and therefore 15-CH-9 could not be the basis of *res judicata* for those claims. Cox's motion further contended that (1) WSB's taking of the funds from Jodi Cox's (deceased) account was not related to 15-CH-9, (2) Cox did not have the documents that were the basis of the claim related to 15-CH-9 because the documents did not exist at the time of the first claim, and (3) a financial connection between WSB and the county government offices was a possible conflict of interest that prejudiced Cox. Cox's prayer for relief requested that the court vacate the judgment or transfer the case to a venue that did not prejudice Cox and could give Cox a fair and impartial hearing. WSB objected to Cox's motion arguing it was untimely under section 2-1301(e) (*id.* § 2-1301(e)) and failed to set forth the proper pleading requirements for a motion under section 2-1401 (*id.* § 2-1401). WSB also claimed the request to transfer venue was untimely pursuant to section 2-1001.5 (*id.* § 2-1001.5) and contained no grounds for transfer.

¶ 8 On January 23, 2019, the trial court interpreted Cox's request to transfer venue as a request for substitution of judge for cause and set the motion for hearing before a different judge. The motion was heard by Judge Kevin S. Parker who noted, "To the extent that said motion invokes 735 ILCS 5/2-1001(a)(3) substitution of judge for cause, plaintiff offers no argument." The court found, "It is clear to this court, that the plaintiff primarily seeks a change of venue not judge." The motion was denied, and the case was returned to Judge James J. Eder.

¶ 9 On May 2, 2019, the trial court found that Cox's motion to vacate judgment was filed more than 30 days after the October 9, 2018, order and therefore section 2-1301 (*id.* § 2-1301) was inapplicable. The trial court then considered Cox's motion under section 2-1401 (*id.* § 2-1401). The court listed the section 2-1401 requirements, found that Cox's motion failed to meet the requirements, and denied the motion. The court then noted that its October 9, 2018, dismissal order erroneously found that paragraphs 3 and 4 in count I of Cox's second amended complaint were related to the mortgage foreclosure action (15-CH-9). The trial court took judicial notice of the Effingham County case files and found the allegation in paragraph 4 related to the fire insurance proceeds that were the basis of Cox's previous civil claim (15-L-46) and was therefore barred by the doctrine of *res judicata*. Regarding count I, paragraph 3, the trial court found the allegations involved a claim not belonging to Cox, but to Cox's deceased wife, and that Cox failed to establish that he had authority to bring such claim. The trial court again dismissed counts I and II of Cox's second amended complaint and denied Cox's motion to vacate. Paragraph 16 stated "there is no just reason to delay enforcement or appeal of this order." On June 6, 2019, Cox appealed.

¶ 10                                    II. ANALYSIS

¶ 11 On appeal, Cox remains *pro se* and argues that the trial court erred: (1) by dismissing paragraph 4 in count I for *res judicata* after previously finding 15-L-46 was not applicable, (2) by

denying his motion to transfer venue due to the conflict of interest between the court and WSB, and (3) by finding Cox's motion to vacate untimely under section 2-1301 after allowing him time to file the motion and WSB to respond.[2]

¶ 12                                    A. *Res Judicata*

¶ 13    We review a trial court's decision granting a section 2-619 motion to dismiss *de novo*. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003). On review, we "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Id.* at 367-68.

¶ 14    Section 2-619(a)(4) of the Code of Civil Procedure provides for dismissal if the cause of action is "barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2018). "This provision allows a party to raise the affirmative defense of *res judicata*." *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000). "For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars a subsequent action between the same parties or their privies involving the same cause of action." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21. "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *River Park, Inc.*, 184 Ill. 2d at 302.

---

[2]Cox's reply brief also addressed the trial court's finding that he did not have legal standing to represent his deceased wife; however, no argument for this issue is contained in Cox's initial brief and the reply statement was not supported by argument or citation to relevant authority. As such, we find the issue is forfeited. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991); see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 15    Cox initially asserts error to the trial court's dismissal of count I, paragraph 4, for *res judicata* based on Cox's prior Effingham County case (15-L-46) because the trial court previously found that all three elements of *res judicata* could not be applied to that case. Count I, paragraph 4 of Cox's second amended complaint stated:

"4.) On or about November 20, 2013, Defendant, Washington Savings Bank caused Diamond Brothers Insurance to make changes to plaintiffs Commercial Insurance Policy, Westbend Insurance policy #1015657 without authorization from Plaintiff.

a.) On or about July 30, 2015, Plaintiff discovered unopened correspondence from Westbend Insurance dated November 20, 2012. Envelope detailed 6 pages of unauthorized changes made to same policy. Exhibit FF

b.) Plaintiff contacted Diamond Brothers Insurance for clarification and inquired about other possible changes that were made to above referenced policy. (exhibit G1). Diamond Brothers agent advised that no other changes had be [*sic*] made around that same time. (Exhibit G2) and emailed Exhibit G3 to Plaintiff showing (2) two circled endorsements, dated 11/20/2012, totalling 6 pages. Directly below the circled area was another endorsement, dated 11/20/2012, totalling (10) ten pages that had not been marked as a 'change to the policy.' Furthermore, on all other entries on Exhibit G3 the 'PROCESS DATE' is the same or earlier than the 'EFFECTIVE DATE.'

6

c.) Plaintiff requested copies of the endorsements and received 16 pages of changes that had been made to Plaintiff's insurance policy by the Defendant. Exhibit H

d.) August 4, 2015 Plaintiff received confirmation from Diamond Brothers Insurance that the Defendant, WSB, had caused said changes to be made to Plaintiffs Westbend Mutual policy #1015657 without authorization from Plaintiff. (Exhibit I)

j.) [*sic*] On August 31, 2015, a WSB representative, Randy Jones responded to Plaintiff's email regarding Defendant's involvement relating to manipulating the above mentioned Insurance Policy by stating 'We have no record of requesting any changes to your commercial insurance policy.' Exhibit J"

¶ 16    The trial court's October 9, 2018, dismissal found that all the allegations in count I, including paragraph 4, related to Cox's prior residential mortgage foreclosure action (15-CH-9) and not Cox's prior commercial fire insurance claim (15-L-46). This finding was the basis of the trial court's initial conclusion that there was "insufficient identity of claim for the doctrine of *res judicata* to apply" to 15-L-46.

¶ 17    However, the trial court acknowledged this was an error on May 2, 2019, when reviewing Cox's request to vacate the judgment, and stated:

"The court now recognizes that the allegations contained in paragraphs 3 and 4 of count 1 of the second amended complaint apparently are not related to the mortgage and promissory note which were the subject of Case No. 15-CH-9 ***.

7

The claims set forth in paragraph 4 of count 1 of the second amended complaint apparently arose from the manner in which defendant acted with regard to the commercial loan, mortgage, agreements, and insurance policies, which were the subject of Effingham County Case No. 15-L-46, in which the same plaintiff as herein filed suit against the same defendant as herein, alleging breach of contract, fraudulent misrepresentation, and violations of the Consumer Fraud and Deceptive Business Practices Act, and in which summary judgment was entered in favor of the defendant against the plaintiff on all counts, which then was affirmed on appeal, all of which this court takes judicial notice.

The doctrine of *res judicata* (or estoppel by judgment) prevents a party from asserting a claim that previously was adjudicated or could have been asserted in prior litigation. *** The claims now asserted by plaintiff in paragraph 4 of count 1 of the second amended complaint in this case could have been brought in Case No. 15-L-46, but plaintiff failed to do so. Therefore, they also are barred by the doctrine of *res judicata*, resulting from the prior proceedings and judgment in Case No. 15-L-46."

¶ 18 On appeal, the parties agree that the allegations in count I, paragraph 4 of Cox's second amended complaint are related to Cox's commercial insurance policy, not Cox's residential insurance policy. Nor is there any dispute that the trial court's initial order erroneously found that the allegations in paragraph 4 concerned Cox's residential insurance policy, not the commercial insurance policy. Based on that erroneous finding, the court found, in its initial order, that 15-L-46 could not be the basis of *res judicata* due to an "insufficient identity of claim." Once the court realized that paragraph 4 related to Cox's commercial insurance policy, not Cox's residential

insurance policy, it found, after taking judicial notice of the proceedings in 15-L-46, that there was a sufficient identity of claim to apply *res judicata* principles between the allegations in paragraph 4 of Cox's second amended complaint and 15-L-46, since both claims involved Cox's commercial insurance policy and WSB's actions related thereto. Therefore, the issue is whether there is a sufficient identity between the causes of action.

¶ 19     Illinois has adopted the transactional test to determine if two cases have a sufficient identity of cause. *River Park, Inc.*, 184 Ill. 2d at 311. "[P]ursuant to the transactional analysis, separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. "[T]he nature of the evidence needed to prove the claims at issue remains relevant for purposes of demonstrating that the claims arise from the same group of operative facts. *** [H]owever, the transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id*. (citing Restatement (Second) of Judgments § 24, cmt. b, at 199 (1982)).

¶ 20     Where a valid and final judgment is rendered in an action, it extinguishes " 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' " *Id.* (quoting Restatement (Second) of Judgments § 24, at 196). This includes " 'evidence or grounds or theories of the case not presented in the first action' " or " 'remedies or forms of relief not demanded in the first action.' " *Id*. at 312 (quoting Restatement (Second) of Judgments § 25, at 209). " 'What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a

9

unit conforms to the parties' expectations or business understanding or usage.' " *Id*. (quoting Restatement (Second) of Judgments § 24, at 196).

¶ 21 Here, Cox contends that the allegations in count I, paragraph 4, did not have a sufficient identity with 15-L-46 to apply *res judicata* because the trial court previously found there was an insufficient identity between the cases. However, the trial court noted that prior finding was erroneous. After review of both cases, the trial court ultimately found there was sufficient identity between the allegations in paragraph 4 and 15-L-46.

¶ 22 On appeal, the record contains none of the judicially noticed materials reviewed by the trial court that would allow this court to determine the propriety of the trial court's decision. The appellant "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. Because the record on appeal holds none of the judicially noticed materials reviewed by the trial court, we presume the order, specifically addressing count I, paragraph 4 of Cox's second amended complaint, was entered in conformity with the law and had a sufficient factual basis.

¶ 23 Cox also argues that the claim cannot be barred by *res judicata* because the documents he is relying on were not created at the time of the prior proceeding and, therefore, grounds for recovery were impossible because they did not even exist. We disagree. The record that was filed with this court confirms that the allegations in count I, paragraph 4 stem from correspondence dated November 20, 2012, which remained unopened until July 30, 2015. Thereafter, Cox communicated with both the insurance company and WSB in August 2015 and these

communications are the alleged "new facts" in Cox's second amended complaint. While Cox contends the documents in question were not created until after the judgment, we note that Cox's prior claim, 15-L-46, was appealed to this court on June 2, 2016. As such, the "grounds for recovery" were available in August 2015, long before the issuance of the final judgment in 15-L-46.

¶ 24 Cox also contends that 15-L-46 was never decided on the merits because it was dismissed on a technical or procedural defect. We disagree. Review of our prior decision in *Cox v. Washington Savings Bank*, 2017 IL App (5th) 160226-U, reveals that Cox's first case was dismissed on a summary judgment motion and, on appeal, Cox argued that the decision was more akin to a 2-615 or 2-619 dismissal (735 ILCS 5/2-615, 2-619 (West 2012)). *Cox*, 2017 IL App (5th) 160226-U, ¶ 15. On appeal, we found that all three counts of Cox's initial complaint were properly dismissed either pursuant to section 2-619(a)(9) of the Code or by summary judgment. *Id.* ¶ 23. An involuntary dismissal occurs when a motion to dismiss under section 2-619 is granted. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 75 (1994). Illinois Supreme Court Rule 273 states that, "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967). Consideration of the prior action under a motion for summary judgment is equally unavailing as "[s]ummary judgment *** is the procedural equivalent of a trial and is an adjudication of the claim on the merits." *Poulos v. Reda*, 165 Ill. App. 3d 793, 801 (1987).

¶ 25 For the foregoing reasons, we find that Cox's prior claim, 15-L-46, was a judgment on the merits. We further find that the allegations in count I, paragraph 4 relate to the same commercial insurance policy, which was the basis of the claims in 15-L-46, and that both the changes WSB

11

made to the policy in November 2012 and the August 2015 correspondence related to those changes could have been brought in the prior claim. As such, we find the trial court correctly dismissed count I, paragraph 4 pursuant to *res judicata*.

¶ 26                                B. Motion to Transfer Venue

¶ 27    Cox next contends the trial court erred by denying his request to change venue due to a conflict of interest between WSB and the Effingham court system. WSB contends that Cox chose to file his action in Effingham County and is therefore asking this court to "free him from chains of his own choosing." WSB further contends that no motion was filed and, even if it had, the motion was untimely.

¶ 28    We first note that Cox contends the standard of review is the manifest weight of the evidence and WSB contends the standard of review is *de novo*. Neither is correct. "A motion to transfer from one proper venue to another based on potential prejudice requires the trial court to exercise discretion and merits application of the abuse of discretion standard of review." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 151 (2005). "A trial court abuses its discretion when its decision is 'fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it.' " *People v. Kladis*, 2011 IL 110920, ¶ 23 (quoting *People v. Ortega*, 209 Ill. 2d 354, 359 (2004)).

¶ 29    Second, contrary to WSB's argument, Cox's "choice" of venue was governed by statute.
   "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018).

12

WSB did not dispute that it resided in Effingham County. Nor did WSB claim that no part of its transaction with Cox occurred in Effingham County. As such, Cox's filing was properly brought in Effingham County.

¶ 30    Based on the allegations, we interpret Cox's motion to transfer venue as a plea that he would not receive a fair trial because "the adverse party has an undue influence over the minds of the inhabitants." *Id.* § 2-1001.5(a). The statute requires the petition be verified by affidavit of the applicant, as well as two other reputable persons in the county, and contain the facts upon which the petitioner bases his or her belief of the undue influence of the adverse party. *Id.* § 2-1001.5(b). Further, the petition must be presented before the trial or hearing begins and before the judge, to whom it is presented, has ruled on any substantial issue in the case unless the ground for change of venue occurs thereafter. *Id.* § 2-1001.5(c).

¶ 31    Here, Cox's petition was included as paragraph 7 of his "Motion for Petition to Vacate Judgement" filed on December 13, 2018, nearly two months after the trial court issued its dismissal of Cox's second amended complaint. Further, the filing failed to include two additional affidavits as required by the statute. While the provisions of the statute allowing for transfer of venue are to be liberally construed, an applicant's failure to include affidavits of two other county residents in support of the petition is sufficient grounds for denial. *Concerned Citizens for McHenry, Inc. v. City of McHenry*, 76 Ill. App. 3d 798, 801-02 (1979); *Schostak v. Vlahakis*, 133 Ill. App. 2d 690, 692 (1971). "[T]he principle of liberal construction cannot excuse a party from complying with the statute's explicit requirements." *Bowman v. Ottney*, 2015 IL 119000, ¶ 17 As the records fails to contain the statutory support for Cox's motion, we find the trial court's dismissal of Cox's petition to transfer venue was not an abuse of discretion and is affirmed.

13

¶ 32                    C. Motion to Vacate Judgment

¶ 33    Finally, Cox contends that the trial court's denial of his motion to vacate judgment under section 2-1301 as being untimely was in error.[3] Again, the parties disagree on the standard of review. Cox claims a proper review is under the manifest weight of the evidence standard and WSB claims the proper review requires a *de novo* review. Under these circumstances we agree with WSB.

¶ 34    The general rule is that a trial court loses jurisdiction over a case and has no authority to vacate or modify a final judgment once 30 days have elapsed unless a timely postjudgment motion has been filed. *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 18. A postjudgment motion must ordinarily be filed within 30 days of judgment. See 735 ILCS 5/2-1202(c) (West 2018) (motions in jury cases); *id.* § 2-1203(a) (motions in nonjury cases); *id.* § 2-1301(e) (motions to vacate default judgment). Once jurisdiction is lost, the only means of challenging the judgment is via collateral attack, by filing a petition under section 2-1401 of the Code of Civil Procedure (*id.* § 2-1401) or by proceeding under 2-1301(g) of the Code of Civil Procedure (*id.* § 2-1301(g)). *Jones v. Unknown Heirs or Legatees of Fox*, 313 Ill. App. 3d 249, 252-53 (2000). Our review of a circuit court's decision regarding subject matter jurisdiction is *de novo*. *Harper Square Housing Corp. v. Hayes*, 305 Ill. App. 3d 955, 959 (1999).

¶ 35    The trial court's order dismissing Cox's second amended complaint was issued on October 9, 2018. On November 7, 2018, Cox filed a notice of hearing stating that he would appear and be heard on a "Motion for Vacate Judgement" on December 5, 2018. There is no dispute that Cox failed to file any motion to vacate the judgment with or separately from the notice of hearing within the requisite 30-day period following the trial court's October 9, 2018, order. While Cox contends

---

[3]Cox did not request review of the trial court's denial of his section 2-1401 motion to vacate the judgment.

the trial court granted him additional time to file a motion to vacate the judgment at the November 19, 2018, hearing, such relief had no legal basis since the trial court's jurisdiction to review a motion to vacate the judgment under section 2-1301 had already elapsed and Cox's motion did not request relief under section 2-1301(g). As such, we affirm the trial court's finding that petitioner's motion was filed more than 30 days after entry of the dismissal order and therefore the trial court did not have jurisdiction to address a motion to vacate under section 2-1301.

¶ 36                                III. CONCLUSION

¶ 37    For the reasons stated herein, we affirm the trial court's orders dismissing Cox's second amended complaint, denying Cox's motion to transfer venue, and dismissing the motion to vacate the judgment as untimely under section 2-1301.


¶ 38    Affirmed.