2024 IL App (1st) 240323-U

No. 1-24-0323

Order filed November 21, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SEARLES GROUP, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE SAUNDERS, MARIONNA SAUNDERS, | ) | No. 23 M1 714076 |
| VERNON BLACKWELL SAUNDERS, and | ) | |
| UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Brian R. Porter, |
| (Michelle Saunders, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Ocasio and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant, Michelle Saunders's, appeal from the portion of the circuit court's order granting plaintiff possession of the subject residential property is dismissed as moot. The circuit court's monetary judgment in favor of the plaintiff for unpaid rent and costs is affirmed where defendant failed to provide a sufficient record to support her claim of error..

¶ 2     Defendant Michelle Saunders appeals *pro se* from an order the circuit court entered by default against her and her children, Marionna Saunders and Vernon Blackwell Saunders, granting the plaintiff, Searles Group, LLC, possession of the residential property located at 7611 S. Michigan Ave, Chicago (hereinafter referred to as the "subject property") and a monetary judgment for unpaid rent and costs in favor of the plaintiff.[1] On appeal, Michelle argues the circuit court erred in entering a default judgment against her because she was not notified of the court date.

¶ 3     For the following reasons, we dismiss as moot Michelle's appeal challenging the portion of the circuit court's order granting possession of the subject property to plaintiff and affirm the monetary judgment entered in favor of the plaintiff for unpaid rent and costs.

¶ 4     The record on appeal consists only of the common law record. Documents in the record show that on September 15, 2023, plaintiff filed a form eviction complaint against the three named defendants and unknown occupants, alleging it was entitled to possession of the subject property. Plaintiff alleged that the defendants unlawfully withheld possession after it terminated their lease because the defendants violated its terms; specifically, the plaintiff asserted that the defendants (1) caused or started a fire on July 7, 2023; (2) carried firearms in and around the residence and management office; (3) violated several clauses, rules, and regulations stated in the lease; and (4) violated two sections of the Housing Assistance Payments (HAP) Contract. Plaintiff requested that the court grant it possession of the subject property and award it $2254 for past due rent plus court costs, and any additional rent due to plaintiff through the date of judgment.

---

[1] Because the defendants have the same last name, we refer to Michelle Saunders by her first name.

¶ 5 The plaintiff attached to its complaint a copy of its notice of termination for a lease violation other than nonpayment of rent dated August 18, 2023. The notice stated that the lease would end in 10 days, and if the defendants were not moved out of the property by that date, the plaintiff could file an eviction case against them. The plaintiff included a notarized certificate of service averring that it personally served the notice on Michelle at the property on August 17, 2023.

¶ 6 Plaintiff also attached copies of two of Michelle's leases and Michelle's HAP Contract. The lease clause that the defendants allegedly violated states that the tenant is liable for any damage done to the premises as a result of the tenant's direct action or negligence, The regulations that the plaintiff alleged the defendants violated state that no cooking, baking, or similar activity was permitted outside the kitchen area except when grills were allowed on an apartment balcony and that any liability or loss arising from the use or operation of a grill would be borne by the tenant.

¶ 7 On October 12, 2023, the Office of the Sheriff of Cook County returned affidavits of service stating it was unable to serve the defendants with the complaint and summons because the subject property appeared to be vacant and under rehabilitation. On November 29, 2023, plaintiff filed an alias summons for each of the defendants. On December 21, 2023, a special process server filed affidavits of service stating that he served the alias summons and eviction complaint personally upon Michelle and upon Marionna Saunders, Vernon Blackwell Saunders and Unknown Occupants at their usual place of abode by leaving a copy of the alias eviction summons and complaint with Michelle, a member of their household and mailing copies to each.

¶ 8 On January 9, 2024, the court entered an order stating that the defendants had been served and continuing the case to January 23, 2024. The order also provided "Plaintiff to notify

defendants." The plaintiff's attorney subsequently filed a certificate of service with the circuit court executed by the attorney's law clerk, stating that on January 9, 2024, she served the court's order on the defendants by separately mailing a copy of the order to each of them at the subject property. The record includes copies of each envelope mailed to the individual defendants at the subject property.

¶ 9 On January 23, 2024, the circuit court entered an order granting plaintiff possession of the subject property. The written order states that it was entered "[b]y default (Defendants not in court)." The order provides that the defendants must move out of the property on or before January 30, 2024, and if they failed to do so, the sheriff was ordered to evict them. In addition, the circuit court entered a $2925 judgement in favor of the plaintiff and against the defendants for $2254 in unpaid rent and $671 in court costs.

¶ 10 On February 13, 2024, Michelle filed her *pro se* appearance in this case and a notice of appeal. On both documents, Michelle provided the address of the subject property as her address. In her notice of appeal, Michelle stated that she was asking this court to "vacate the trial court's judgement."

¶ 11 The record contains an affidavit from the sheriff's office stating that on February 28, 2024, a team of sheriff's deputies made a forced entry into the subject property. None of the defendants were inside. The affidavit states that the subject property was "cleared" and possession was given to the "receiver" and that the eviction was deemed complete.

¶ 12 On appeal, Michelle contends the circuit court erred in entering a default judgment against her because she was not notified about the court date due to plaintiff omitting her contact information from an unspecified document. Michelle's brief consists solely of a lengthy statement

of facts presenting her version of events. She states that on July 8, 2023, there was an accidental fire at the subject residence. She immediately notified plaintiff and the Chicago Housing Authority (CHA). Michelle states that on August 7, 2023, she engaged in a verbal argument with the owner's daughter regarding repairs to the property. Two days later, Michelle refused to allow the daughter to enter the property, and the daughter then instructed a carpenter to leave the premises without making any repairs. Later that day, the property failed a CHA inspection.

¶ 13    Michelle states that she withheld two months of her portion of the rent because no repairs had been made. She claims she paid the past due rent on September 29, 2023, and on that same day, Michelle initiated the process of moving to another property with the CHA. Michelle states that she moved into a new residence on February 26, 2024.

¶ 14    According to Michelle, she was "blindsided" when she received an eviction notice from the sheriff's office on February 19, 2024. Michelle asserts, "Plaintiff deliberately omitted my contact information (email/phone number) for me to miss court. I was not notified about any court date and actually received empty envelopes from the plaintiff's lawyer." Michelle asks this court to reverse the circuit court's judgment.

¶ 15    Plaintiff has not filed a responsive brief in this court. On September 20, 2024, we entered an order taking the case for consideration on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 16    As a threshold matter, we find that the issue of possession of the subject property is moot.

¶ 17    Generally, courts do not decide moot issues, render advisory opinions, or consider claims where there will be no change in the final outcome, regardless of how the issue is decided. *In re Julie M.*, 2021 IL 125768, ¶ 21. "An appeal is moot if no actual controversy exists or when events

have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. The fact that must be determined in an eviction action is which party is entitled to immediate possession of the property and whether there is a defense that defeats the plaintiff's asserted right to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23.

¶ 18    Here, the eviction order granted plaintiff possession of the subject property. On February 28, 2024, the sheriff's office enforced the eviction order and plaintiff regained possession.  None of the defendants were inside the home at the time of the eviction. Michelle states in her brief that she moved to a new home on February 26, 2024.

¶ 19    Consequently, Michelle's appeal from the portion of the circuit court's order which granted possession of the subject property to plaintiff is moot as plaintiff has already regained possession. See *Circle Management LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007) (the appeal of a forcible entry and detainer action was moot where the circuit court had entered a possession order and the appellant had moved out, but applying the public interest exception to the mootness doctrine).

¶ 20    The eviction order, however, included a monetary judgment against defendants for unpaid rent and costs which was not rendered moot by the enforcement of the eviction order. See *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987) (although the issue of possession was moot, the claim for rent remained a viable issue). However, our review of this portion of the circuit court's order is hampered by an incomplete record.

¶ 21    As the  appellant, Michelle had the burden of presenting this court with a sufficiently complete record of the circuit court proceedings to support any claims of error, and in the absence of such a record, this court will presume that the circuit court's order conformed with the law and

had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 22 The record in this case does not contain a report of the proceedings on January 23, 2024, when the circuit court entered its order. The common law record before this court consists of one volume of documents, which alone is insufficient to allow this court to find an error by the circuit court in entering the monetary judgment in favor of plaintiff. Without a report of proceedings, this court has no knowledge of what transpired in the circuit court on January 23, 2024, or what evidence was presented by the plaintiff to support the judgement entered in its favor. We have no means of knowing the circuit court's reasoning or rationale underlying its order. We presume, therefore, that the circuit court acted in conformity with the law when it entered its order. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we affirm the circuit court's entry of the $2925 monetary judgment in favor of plaintiff.

¶ 23 For these reasons, we dismiss Michelle's appeal from the portion of the eviction order granting plaintiff possession of the residence as moot. We affirm the circuit court's order in all other respects.

¶ 24 Affirmed in part; dismissed in part.